**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

BINANAT CAPITAL, LLC,

     Debtor.

CASE NO. 23-55019-LRC

Chapter 7

**BINANAT CAPITAL, LLC'S RESPONSE TO PETITIONING CREDITORS'
MOTION FOR ENTRY OF ORDER FOR RELIEF AND STAY OF DISCOVERY**

    Debtor BinaNat Capital, LLC ("BinaNat"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Motion for Entry of Order for Relief and Stay of Discovery* (the "Motion") filed by petitioning creditors John Douglas Wyatt, Douglas Lee Wyatt, and Oconee Players Club, LLC's (collectively, the "Petitioning Creditors"), respectfully showing the Court as follows:

**FACTS**

1. Petitioning Creditors' legal counsel, Armstrong Nix, P.C. ("Armstrong Nix") attempted to initiate the above-referenced involuntary bankruptcy case by filing an *Involuntary Petition Against a Non-Individual* (the "Involuntary Petition," Doc. No. 1) on May 31, 2023 (the "Initial Involuntary Petition").

2. The Initial Involuntary Petition did not have three (3) signatures of creditors. Specifically, of the three creditors named on the Initial Involuntary Petition as those purportedly petitioning to initiate a bankruptcy case, the required signature for Oconee Players Club, LLC was not on the document. *See* **Exhibit "1"** hereto (Doc. No. 1), p. 4 (signature line for Oconee Players Club, LLC showing "John Douglas Wyatt, Managing Member," with no "/s/" signature designation).

3.  Petitioning Creditors' legal counsel then filed an *Amended Involuntary Petition Against a Non-Individual* (the "Amended Involuntary Petition," Doc. No. 3), also on May 31, 2023, a copy of which is attached as **Exhibit "2"** hereto. Doc. No. 3.

4.  The Amended Involuntary Petition likewise did not have three (3) signatures of creditors. Specifically, of the three creditors named on the Amended Involuntary Petition, the required signature for Oconee Players Club, LLC was again not on the document. *See* **Exhibit "2"** hereto (Doc. No. 3), p. 4 (signature line for Oconee Players Club, LLC showing "John Douglas Wyatt, Managing Member," with no "/s/" designation).

5.  On June 26, 2023, BinaNat filed an Answer to the Initial Involuntary Petition (Doc. No. 7), and at the same time filed a Motion to Transfer Venue (Doc. No. 8), seeking to transfer this bankruptcy case to Florida where Debtor's principal – Mr. Robert Storm ("Mr. Storm") – resides, and from where Mr. Storm has overseen Debtor BinaNat's business.

6.  After these filings, one of the Petitioning Creditors called Mr. Storm to discuss settlement. Mr. Storm said that reaching a settlement with that creditor would be challenging due to the pending bankruptcy case. The Petitioning Creditor said something to Mr. Storm at that point along the lines of "What bankruptcy case? I didn't authorize any bankruptcy case."

7.  Based on the disclosure to Mr. Storm by a Petitioning Creditor that they had not authorized this bankruptcy case, Debtor BinaNat filed an Amended Answer on June 30, 2023, asserting that three creditors had not properly authorized the filing of the Initial Petition. Doc. No. 12.

8.  The Court held a status conference on July 11, 2023 (the "Status Conference"). During the Status Conference, counsel for BinaNat explained the conversation between Mr. Storm and one of the Petitioning creditors, and that it served as the basis for the amended Answer

which denied the propriety of the bankruptcy filing because the Initial Petition did not have the signatures of three (3) petitioning creditors as required by Bankruptcy Code Section 303(b)(1).

9.  Despite the centrality of the issue of whether this case was validly filed, counsel for the Petitioning Creditors did not disclose to the Court in a candid fashion that no signatures had been obtained from the Petitioning Creditors at the time of the Status Conference, but rather defiantly asserted that there was no issue.

10. As a result of the dispute during the Status Conference, the Court directed BinaNat and the Petitioning Creditors to work together on discovery in order to obtain the true facts about signatures on the Initial Petition. The Petitioning Creditors have acknowledged understanding that directive of the Court. Motion, ¶ 10 ("The Court directed the parties to endeavor to establish a discovery schedule in the instant matter").

11. Counsel for Debtor sent a proposed Scheduling Order to counsel for the Petitioning Creditors in a timely manner. See **Exhibit "3"** hereto.

12. Armstrong Nix failed to abide by the Court's instructions, instead insisting that other obligations prevented discussions of a scheduling order despite being provided with a draft scheduling order. *See* **Exhibit "4"** hereto.

13. Counsel for Debtor made repeated efforts to get a response from Armstrong Nix to the proposed Scheduling Order. *See* **Exhibit "5"** hereto.

14. Armstrong Nix stalled, and refused to abide by the Court's instructions to participate in framing a Scheduling Order, and then filed the Motion and declined to engage in any further discussions regarding the scheduling order. *See* **Exhibit "6"** hereto.

15. After stalling and refusing to provide input for the Scheduling Order, Rosemary Armstrong finally "acknowledge[d] her failure in having the original signed documents in her possession at the time of filing the original petitions" in a pleading filed with this Court, and stated that "[t]he remedy for the failure of counsel to have in her possession the original signatures of the Petitioning Creditors is for counsel to be sanctioned, if at all, in the matter determined to be appropriate by the Court pursuant to Bankruptcy Rule 9011." Motion, ¶¶ 15, 16.

16. Ultimately, on July 31, 2023, two (2) full months after the filing of this involuntary case, the Petitioning Creditors *finally* filed a pleading with three signatures, but prior to July 31, 2023 no Petition with three signatures had been filed with this Court and the Initial Petition was not supported by *any original* signature at the time it was filed.

## <u>ARGUMENT</u>

**I.    This Case Should Be Dismissed, as the Case Was Not Filed by Three Creditors as Required by the Bankruptcy Code and in the Manner Mandated by the Local Rules.**

**a.  The Initial Petition Did Not Contain Three Creditors' Signatures in the Manner Mandated by the Local Rules.**

The Initial Involuntary Petition and the Amended Involuntary Petition were not supported by any original ink signatures of the three creditors whose names were typed on the Petition as those petitioning this Court.

Furthermore, neither the Initial Involuntary Petition, nor the Amended Involuntary Petition, contained the required signature for Oconee Players Club, LLC. *See* Exhibit "2" (Doc. No. 1), p. 4 (signature line for Oconee Players Club, LLC showing "John Douglas Wyatt, Managing Member," with no "/s/") and Exhibit "3" (Doc. No. 3), p. 4 (signature line for Oconee Players Club, LLC showing "John Douglas Wyatt, Managing Member," with no "/s/").

It was not until July 31, 2023, two (2) full months after the filing of this involuntary case, that the Petitioning Creditors *finally* provided wet ink signatures.

This violates the Local Rules of this Court with regard to how authorization must be provided for filings in this Court. Specifically, Bankruptcy Local Rule 5005-7(b)(3), states:

> **(3) Signatures on document of persons other than person filing electronically**. An electronically filed document (other than a proof or transfer of a proof of claim filed in accordance with BLR 5005-9) that is signed by a person other than, or in addition to, the person electronically filing the document, must state the name and state bar registration number of each attorney (if any) and the name of any other person signing such document. *If the document is filed electronically in a text format, the signature of each person signing the document must be indicated above the signature line with the notation "/s/" above the name of each person signing the document or by some other notation that clearly indicates that the document has been signed and by whom*. If the document is filed electronically in an image format, the signature of each person signing the document must be affixed to the original before the document is created in image format. *Upon the electronic filing of the document, the signature of each such person as thus evidenced constitutes a signature of each such person under Bankruptcy Rule 9011. The electronic filing of the document constitutes a representation and certification by the person filing the document (A) that each person whose signature is thus indicated on the document has signed it and (B) that, at the time of filing, the person filing the document electronically is in possession of an original document signed as indicated on the electronically filed document*. The requirements of (b)(1) or (b)(2), as applicable, apply with regard to the signature, if any, of the filing person.

BLR 5005-7(b)(3) (emphasis supplied).

Additionally, subsection (c) of Local Rule 5005-7 states, in relevant part:

> (1) A person electronically filing a Verified Paper[1] certifies that such **filer has in such filer's possession at the time of filing the fully executed original Verified Paper with an original signature of each person whose signature is indicated thereon**.
>
> . . .

---

[1] "Verified Paper" is defined to include "petitions for relief under the Bankruptcy Code." BLR 9001-1(o).

(3) The following Rules apply with regard to a Verified Paper filed in text format:[2]

> (A) A person electronically filing a Verified Paper in text format must conform the copy filed electronically to the original Verified Paper. ***Each signature must be indicated above the signature line with the notation "/s/" above the name of the person signing or by some other notation that clearly indicates that the document has been signed and by whom.*** Hand-written and stamped text and notations, including dates and stamps concerning the commissions of notaries public, must be typed on the filed copy. Seals must be noted by such expressions as "Legal Seal," "L.S.," "Notary Seal," etc., as appropriate.

BLR 5005-7(c)(1) and (3) (emphasis supplied).

Further, Federal Rule of Bankruptcy Procedure 1008 requires that "***[a]ll petitions***, lists, schedules, statements and amendments thereto ***shall be verified*** or contain an unsworn declaration as provided in 28 U.S.C. § 1746." Fed. R. Bankr. P. 1008 (emphasis supplied).

Neither the Involuntary Petition, nor the Amended Involuntary Petition, meets those requirements as neither document had the required "/s/" to indicate a signature from three (3) necessary petitioning creditors. Further, Armstrong Nix did not have the "fully executed original Verified Paper with an original signature of each person whose signature is indicated thereon" until at least July 30, 2023. And, Armstrong Nix did not have the required signatures until July 30, 2023—either in "/s/" format or otherwise—at the earliest, and those signatures were not filed with the Court until July 31, 2023. Doc. No. 19.

Reading these various local rules together, neither the Involuntary Petition, nor Amended Involuntary Petition, contained the signatures required to institute an involuntary bankruptcy against BinaNat until, at the earliest, July 31, 2023.

---

[2] "Text Format" is defined as "the format of a document initially created using word processing software." BLR 9001-1(n).

Accordingly, this case should be dismissed as it was not initiated by three creditors, as required by Bankruptcy Code Section 303(b)(1). 11 U.S.C. 303 ("An involuntary case against a person **is commenced by the filing with the bankruptcy court of a petition** under chapter 7 or 11 of this title--**(1) by three or more entities**, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $18,600….").

Section 303(b)(1) uses the term "commence" with regard to the procedure for initiating an involuntary bankruptcy.  The term "commence" means to "[t]o initiate…."  Black's Law Dictionary (6th Ed., 1991), p. 268. Petitioning Creditors did not "commence" or "initiate" this case with three or more persons or entities as creditors, which is required by Bankruptcy Code Section 303(b)(1). At most, Petitioning Creditors obtained and then filed signatures of three creditors on July 31, 2023 (Doc. No. 19), long after they purportedly initiated an involuntary bankruptcy against Mr. Storm, in his individual capacity, which was entirely dependent on having a valid "affiliate" (*i.e.*, the above referenced debtor, BinaNat) in bankruptcy in this Court. 28 U.S.C. 1408 (venue over an individual is appropriate in a jurisdiction where an affiliate's bankruptcy case is pending). Because the case was not commenced with the signatures of three (3) creditors, as mandated by Bankruptcy Section 303(b)(1), this case should be dismissed.

This Court, with the Honorable Judge Diehl presiding, has previously held that when a voluntary petition was filed without the debtor's signature, the bankruptcy case was void *ab initio*.

> One responsibility of debtor's counsel is to "personally review with Debtor and *obtain Debtor's signature* on the *completed* petition, plan, as well as the Statement of Financial Affairs, Income and Expenses, and other statements as well as the various schedules (the "Schedules"), and all amendments thereto, whether filed with the petition or later" (emphasis added). The Semrad practice of

7

obtaining debtors' signatures on blank or incomplete forms, without later obtaining a signature on the completed forms prior to filing, is therefore a violation of General Order 6–2006. It is also a generally bad practice to have clients signing forms in blank.

### III. *CONCLUSION*

"Sanctions may be imposed for the purpose of deterrence, compensation and punishment." *In re Addon Corp.,* 231 B.R. 385, 391 (Bankr.N.D.Ga.1999). The Court first considers whether any compensation is due to the debtors. Ms. Harmon has been refunded the full fee she paid to Semrad, but she still has an improperly filed bankruptcy case in her name. Ms. Hong's practices have made it considerably more difficult for the Court to determine whether Ms. Hong reasonably believed that Ms. Harmon authorized the filing of her petition. It is clear, however, that Ms. Harmon does not believe that she authorized the filing of this case and that Semrad has failed to produce conclusive evidence that she did authorize the filing. The language of the disclaimer Ms. Harmon initialed supports Ms. Harmon's view, that she would not have authorized the filing of the case until "after [she] reviewed [her] bankruptcy petition and schedules." Ms. Harmon never received copies of the completed petition and schedules prior to the filing of the case. It therefore appears that Ms. Harmon did not authorize the filing of her case. Without proper authorization from the debtor, a bankruptcy case is void *ab initio. In re Glover,* 2009 WL 6498524, 2009 Bankr.LEXIS 1111 (Bankr.N.D.Ga.2009); *see also In re Buppelmann,* 269 B.R. 341, 343 (Bankr.M.D.Pa.2001). The Court now finds that Ms. Harmon's case was fraudulently filed without her express authorization and that the case was void *ab initio.*

*In re Harmon*, 435 B.R. 758, 766–67 (Bankr. N.D. Ga. 2010) (Diehl, J.) (emphasis in original).

This Court has reached a similar conclusion:

Absent some issue with an incompetent or incapacitated debtor, the commencement of the case generally requires the filing of a petition signed, or at least authorized by, the purported debtor. " '[W]ithout proper authorization from the debtor, a bankruptcy case is *void ab initio.*' " *In re Todd*, 2015 WL 5042116, *3 (Bankr. N.D. Ga. Aug. 6, 2015) (quoting *In re Harmon*, 435 B.R. 758, 767 (Bankr. N.D. Ga. 2010)) (citing *In re Glover*, 2009 WL 6498524, *3 (Bankr. N.D. Ga. Apr. 29. 2009)); *see also Nazaire v. Deutsche Bank Nat'l Tr. Co. as trustee for Indy Mac INDX Mortg. Loan Tr. 2004-ARS, Mortg. Pass-Through Certificates Series 2004-AR8*, 2020 WL 10227665, at *5 (N.D. Ga. June 8, 2020), report and recommendation adopted

> sub nom. *Nazaire v. Deutsche Bank Nat'l Tr. Co.*, 2020 WL
> 10227646 (N.D. Ga. June 26, 2020) ("Because Nazaire's petition
> was void *ab initio*, it did not result in an automatic stay, and
> therefore defendants did not violate any automatic stay by
> foreclosing upon the property."). Although "it is also possible for a
> debtor to ratify a filing that was not authorized in the first instance,"
> the mere passage of time "is not sufficient to ratify an unauthorized
> filing." *Todd*, 2015 WL 5042116, at *3.
>
> Here, the undisputed facts show that Defendant did not sign the
> petition or authorize its filing and took no actions to ratify the March
> 2018 Chapter 13 Case. He did not attend the § 341 meeting or
> complete and file any documents specific to the March 2018 Chapter
> 13 Case. Indeed, he testified that he was not aware that the March
> 2018 Chapter 13 Case had been filed until after it was dismissed.
> Accordingly, the Court agrees with Plaintiff that the March 2018
> Chapter 13 Case was void *ab initio.*

*See In re Merriell*, No. AP 21-05113-LRC, 2022 WL 3568037, at *3 (Bankr. N.D. Ga. Aug. 18,

2022).  BinaNat, accordingly, requests that this case be dismissed as void *ab initio*.[3]

Alternatively, if the Court determines that it is not appropriate to dismiss this case because

the Petitioning Creditors eventually obtained and filed the appropriate signatures, then BinaNat

requests that the Court find that BinaNat was not an affiliate of Mr. Storm in a pending bankruptcy

case as of May 31, 2023, when Mr. Storm's bankruptcy was filed. *See, e.g.*, *In re Yoga Smoga,

Inc.*, No. 16-13159-MEW, 2016 WL 8943849, at *1 (Bankr. S.D.N.Y. Dec. 20, 2016) ("THE

COURT: I think companies often move for a file [sic] voluntary petitions for Chapter 11 when an

---

[3] BinaNat acknowledges that case law exists in which courts have held that intervening creditors who join an involuntary case after filing of the Petition may constitute one or more of the three creditors necessary; however, those situations typically involve creditors who signed an involuntary Petition but whose claims were challenged as disputed, rather than a situation in which the initial Petition was void *ab initio* such that there was nothing to join in.

9

involuntary is pending either in Chapter 11 or Chapter 7. There is no Chapter 7 case unless I enter an order for relief, which I haven't done yet.").[4]

## II.     The Case Law Cited in the Motion does not Support the Petitioning Creditors' Argument.

The Motion cites only one decision – *In re Rice* – for the proposition that "[t]he case should not be subject to dismissal nor should the Petitioning Creditors suffer any adverse consequences." Motion, ¶ 17 (citing 521 B.R. 405 (Bankr. N.D. Ga. 2014) (Murphy, J.). The *Rice* decision does not support the outcome requested by the Petitioning Creditors.

In *Rice*, a husband and wife filed a voluntary chapter 13 bankruptcy petition. *In re Rice*, 521 B.R. at 406. As part of the proceedings, the court held a hearing on the chapter 13 trustee's motion to dismiss and the debtors' motion to ratify signature. *Id.* As part of the motion to ratify, the court found that the debtors "implicitly acknowledge[d] that [debtor-husband] did not sign the petition and seek to ratify the signature of [debtor-husband] on the petition." *Id.* at 407. According to the court's findings, the debtor-wife signed the petition on behalf of the debtor-husband pursuant to a power of attorney, but provided no indication she had done so in a representative capacity or that the signature was not in fact her husband's. *Id.* Other documents in the case, such as the application to pay filing fee in installments, were filed with the signatures of both debtors. *Id.* Notably, the Court presumed that the debtors' attorney had a copy of the petition with wet-ink signatures. *Id.* ("The petition, as filed, bears Debtors' electronic signatures—"/s/"—but Kakol presumably holds a copy of the petition with wet-ink signatures.").

---

[4] This issue might be more properly reserved for the motion to transfer venue in Mr. Storm's individual case, but given the connections between the two cases it may be appropriate for consideration in the instant case as well.

In ruling that the *Rice* case should not be dismissed, the court stated that "[e]ven courts which have disallowed execution of a debtor's name under a power of attorney have acknowledged that **a debtor** might be able **to ratify** the petition." *Id.* at 408 (emphasis supplied).

The case at hand is very different from *Rice*. Unlike *Rice,* this is not an instance where a debtor desires to remain in bankruptcy. The court in *Rice* was concerned with whether the debtor-husband intended to remain in bankruptcy, which he did intend and sought from the court. In the case at hand, the involuntary debtor does *not* want to remain in bankruptcy for good reasons, including that the Petitioning Creditors only filed this case to pull in Mr. Storm through affiliate venue, Mr. Storm is a long-term resident of Florida and not otherwise subject to venue in this Court, this venue is inconvenient for Mr. Storm, and participating in this BinaNat case from Florida will impose burdens on Mr. Storm at a time when he is without substantial financial means.

The factual scenarios in the cases other than *Rice* regarding allowing a bankruptcy case to go forward despite an absent signature or unauthorized signature is largely similar to the scenario in *Rice*, as it primarily focuses on whether a debtor took advantage of the benefits of a bankruptcy case. For instance, Judge Ellis-Monro dismissed a case in which the debtor had not signed the Petition, focusing on the issue of ratification, and noting several other cases in which that was the central factual issue for consideration:

> Having determined that the filing was not authorized, the next issue the Court must decide is whether Debtor ratified the filing. It is clear that Debtor was relieved when creditors stopped calling him. But, it is equally clear that he wanted the case dismissed and was unaware that the First MTD had been withdrawn, which Chambers acknowledged was withdrawn without authorization from Debtor. Thus, the question is whether the passage of time coupled only with the relief from creditors' calls is sufficient to ratify the filing.
>
> The Trustee cited a number of cases in his initial objection and in supplemental papers in support of ratification. Each of these cases is distinguishable because the debtors did not raise unauthorized

> filing as a basis for dismissal until after the case had been pending
> for some period of time and after they actively participated in the
> case and/or actively used the stay to their benefit. *Amir,* 436 B.R. at
> 13–15 (debtor appeared in court, filed 11 pleadings in bankruptcy
> court, filed a plea of stay in state court suit and waited more than
> five months before asserting that he had not signed the petition); *In
> re Willis,* 345 B.R. 647, 652–53 (B.A.P. 8th Cir. 2006) (debtor
> waited almost ten weeks before telling anyone that she had not
> signed the petition and during that ten-week period amended her
> schedules five times, opposed three motions for relief from stay and
> withdrew a motion to dismiss); *In re Scotto,* No. 809–75956, 2010
> WL 1688743, at *12–15 (Bankr.E.D.N.Y.2010) (court concluded
> that debtor ratified a forged filing because debtor waited four
> months before seeking dismissal, ignored all orders of the court
> while delegating responsibility for resolution of case to his son
> where debtor received notices from the court and trustee who was
> actively investigating the case).

*In re Todd*, No. 14-50640-BEM, 2015 WL 5042116, at *5 (Bankr. N.D. Ga. Aug. 6, 2015). Again, in each of these cases the issue was whether the debtor had taken advantage of the bankruptcy filing such that the case should not be dismissed because the debtor had ratified the filing despite the failure to provide an original signature. In contrast, BinaNat has not taken advantage of the filing or sought to remain in this bankruptcy case. To the contrary, BinaNat has strenuously argued against that outcome form inception.

Ratification of an improperly filed *involuntary* bankruptcy Petition raises different considerations than those applicable to a voluntary case. For instance, by filing an involuntary petition the petitioning creditors represent to the court—and the general public—under penalty of perjury that (a) they have legitimate claims; (b) the amount of those claims complies with the amounts set forth 11 U.S.C. § 303; (c) there is no dispute as to the amount of the claims; and (d) the debtor is not generally paying its debts as they become due. Cases such as the case at hand present serious public policy concerns. Anyone could initiate an involuntary bankruptcy against a person or entity who does not want to be in bankruptcy, without a signature to warrant or represent

12

that they fulfill the requirements imposed by Section 330 for being an eligible creditor. Ignoring the signature requirements, which are mandated by Local Rule, would enable involuntary bankruptcy filings when such filings are not proper. That was not what *Rice* sought to enable, but rather was aimed toward assisting a debtor when that debtor wanted to remain in bankruptcy.

### III.   The Petitioning Creditors are Engaging in Forum Shopping, which Should Not Be Rewarded by Ignoring their Violations of Bankruptcy Code Requirements and the Local Rules Mandating Signatures.

Given the procedural history of this case, it is important to contextualize the purpose of the Petitioning Creditors' actions; the Petitioning Creditors are engaging in forum shopping to cause the bankruptcy case of Mr. Storm, Case No. 22-55028-LRC (the "Storm Bankruptcy") to continue in the Northern District of Georgia rather than the Middle District of Florida. That is the only purpose of the instant bankruptcy. This case was filed first, and the Storm Bankruptcy second as an affiliate filing. Without the instant case pending in the Northern District of Georgia, there is no doubt that Mr. Storm's case should have been filed in the Middle District of Florida, as he has resided in that district for more than a decade.

To ignore the requirements of the Bankruptcy Code for three (3) creditors to petition for relief when initiating an involuntary case, and of the Local Rules as to mandatory signatures, would allow precisely the type of actions the Petitioning Creditors in this case aim to achieve. They should not be rewarded for breaking the rules.

### IV.   The Petitioning Creditors and/or their Legal Counsel Should Be Sanctioned for Violating the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

The Motion raises serious concerns regarding the violations of various legal requirements by the Petitioning Creditors' counsel, Armstrong Nix. As described in the Motion, during the status conference on July 11, 2023, "[t]he Court directed the parties to endeavor to establish a discovery schedule in the instant matter." Motion, ¶ 10. Armstrong Nix failed to abide by the Court's

13

instructions, instead insisting that other obligations to a trial prevented discussions of a scheduling order despite being provided with a draft scheduling order. Additionally, instead of responding to the undersigned counsel, Armstrong Nix filed the Motion and refused to engage in any further discussions regarding the scheduling order.

Further, Ms. Armstrong "acknowledges her failure in having the original signed documents in her possession at the time of filing the original petitions" and states that "[t]he remedy for the failure of counsel to have in her possession the original signatures of the Petitioning Creditors is for counsel to be sanction, if at all, in the matter determined to be appropriate by the Court pursuant to Bankruptcy Rule 9011." Motion, ¶¶ 15, 16.

Armstrong Nix's belated candor about the failure to abide by the local rules is appreciated. But that candor to the Court was not exhibited at the Status Conference when Armstrong Nix could have saved all involved substantial time, effort, and money by revealing that they had no signatures for the Petition. That would have avoided the work of drafting a Scheduling Order, attempting to obtain Armstrong Nix's input regarding the Scheduling Order, and researching legal issues to address disputes over authority that were later simplified by Armstrong Nix admitting what it had done (or not done).

When the undersigned attempted to resolve these issues without the need for the Court's involvement, Ms. Armstrong stated:

> You and, by extension, your client chose to waste time, money and resources on, to use your words a "procedural" issue that you knew or should have known was a curable defect. Your inconsistent position in challenging the BinaNat filing and not the Storm filing is indefensible. This entire exercise was orchestrated by you in an effort to have these cases transferred to Florida when venue is proper and appropriate in the Northern District of Georgia. You can continue your frivolous pursuit of the "procedural" issue or you can consent to the entry of the order for relief for BinaNat, file BinaNat's schedules and, then, if you still insist on pursuing the motion to transfer, can do so after information is made available to the Court so that it can make an informed decision.

*See* Exhibits hereto.

On the one hand, Armstrong Nix begs for the Court's forgiveness and not to punish its client for its failures. On the other hand, Armstrong Nix is actively attempting to foist its failures on Debtor and its counsel as a "waste" of "time, money and resources" after causing the expenditure of time and money it complains of.

It is inappropriate for Ms. Armstrong to take the position that her firm's failure to abide by the local rules constitutes a waste by others for identifying such non-compliance. Indeed, this issue was first raised because *John Wyatt contacted Mr. Storm and stated that Mr. Wyatt – a Petitioning Creditor -- had no knowledge of the bankruptcy filing*. When this issue was raised, Armstrong Nix's response at the status conference was not to reveal the true facts fully, but rather was to attempt to deflect scrutiny of its failures, which Armstrong Nix *has now admitted*.

Binanat (and by extension, its principal Mr. Storm) was forced to incur fees that should never have been incurred, and which were only incurred because Armstrong Nix did not comply with the applicable rules for initiating an involuntary case, then hid the true facts while Binanat repeatedly requested discovery and the Court ordered the submission of a Scheduling Order that Armstrong Nix would not participate in submitting, then Armstrong Nix ultimately confessed and submitted that any sanctions should not apply to their clients but rather to the firm of Armstrong Nix. Sanctions are appropriate against Armstrong Nix in this instance.

BinaNat has incurred fees in identifying the failures of Armstrong Nix to have a wet signature on file prior to filing the involuntary petition against debtor, researching the effect of such a failure, presenting such information to the Court, drafting a scheduling order, communicating with Armstrong Nix to try to obtain compliance with this Court's directive to

submit the scheduling order, communicating with Armstrong Nix on the signature issue and the

Motion, drafting this Response, and working with Debtor's principal on these matters.

BinaNat believes it is appropriate for these fees to be assessed against Armstrong Nix in

this matter, pursuant to Federal Rule of Bankruptcy Procedure 9011, and as acknowledged by

Armstrong Nix in the Motion. Other Courts have found sanctions appropriate in similar

circumstances:

> The Local Rules and Administrative Procedures for the Bankruptcy
> Court for the Eastern District of Missouri and the Federal
> Bankruptcy Rules require a debtor's signature on the Voluntary
> Petition. Attorneys have a duty to advise their clients of this
> requirement and to take necessary steps to help their clients comply.
> Attorneys should never waive this requirement under the
> assumption that the facts of a particular situation warrant such a
> waiver. This requirement is absolute and there are no situations in
> which it shall be waived. The rules, both locally and on the federal
> level, do not allow for such waivers regardless of the situation.
>
> A review of the purpose of requiring a debtor's signature on a
> Voluntary Petition is necessary. Not only must a debtor declare that
> the information contained in the petition is true and correct, but a
> debtor must also consent to the bankruptcy filing and the relief
> requested in the petition. This is a very personal action that can only
> be taken by a debtor. A debtor's signature is an indication of this
> action, and the importance of this requirement cannot be mistaken.
>
> When filing a petition electronically, an attorney is representing to
> the Court that he has in his possession an original petition that has
> been signed by a debtor prior to the electronic filing. The Court in
> *Wenk,* 296 B.R. at 725, stated:
>
> [w]hen the petition was received, the court was presented with a
> document which stated on its face that debtor had signed it, under
> penalty of perjury, when it was not true. This amounts to fraud. The
> court must consider that [the attorney's] action of filing a petition
> electronically purporting to have debtor's signature is no different
> than [the attorney] physically forging debtor's signature and handing
> the petition over the counter to the clerk.
>
> Mr. Briggs filed a document for which he does not have the original
> signature of Debtor. This is in violation of the Court's

Administrative Procedures and the Federal Rules of Bankruptcy Procedure.***

 By separate Order sanctions will be entered against Mr. Briggs as follows:

1. Mr. Briggs shall file a written accounting with the Court, with copies to the Chapter 13 Trustee, United States Trustee and Debtor, indicating the dates and amounts of monies Debtor paid to Mr. Briggs, Mr. Sutton, Critique Legal Services and/or any other attorney or person affiliated with Critique Legal Services for any bankruptcy services related to this case or any previous case, within seven (7) days; and
2. Mr. Briggs shall return all funds listed in the written accounting described above, within fourteen (14) days to Debtor by certified funds; and
3. Mr. Briggs shall pay a fine of $750.00 into the Court within fourteen (14) days; and
4. Mr. Briggs shall pay to the Chapter 13 Trustee his attorney's fees in the amount of $300 for bringing the motion within fourteen (14) days;….

*In re Phillips*, 306 B.R. 655, 658–59 (Bankr. E.D. Mo. 2004).

BinaNat requests that any sanction include reimbursement of its legal fees related to the analysis and advocacy regarding the foregoing issues, as those fees arose from violations of the Local Rules.

## <u>CONCLUSION</u>

The Petitioning Creditors did not have the signatures required by Bankruptcy Code Section 303(b)(1), as mandated by the Local Rules, in order to file this involuntary bankruptcy case until, at the earliest, July 31, 2023. Thus, the instant case was void *ab initio*. For that reason, this case should be dismissed. A case that is void from inception cannot be corrected by later action.

The cases in which courts have allowed ratification by a debtor of an invalid Petition relate to a debtor taking advantage of the bankruptcy system such that the debtor is estopped to assert

the invalidity of a case after the fact. That is not the situation at hand, where BinaNat has sought dismissal of the case and has not accepted benefits of the case.

Alternatively, in the event the Court determines that an order for relief should be entered and this case should proceed, this case should not be considered an affiliate case of Mr. Storm's until July 31, 2023, when the Petitioning Creditors finally filed the appropriate signatures with the Court.

Additionally, sanctions are appropriate against Armstrong Nix for its failure to obtain the signatures of the Petitioning Creditors prior to filing the Involuntary Petition, and Armstrong Nix should be required to pay Debtor's counsel's fees for BinaNat having to address issues arising from Armstrong Nix's failures.

WHEREFORE, BinaNat respectfully requests that this Court enter an Order:

(i)    Dismissing this involuntary bankruptcy;

(ii)    Alternatively, ruling that this involuntary bankruptcy was not a properly pending "affiliate" bankruptcy on the date that the Petitioning Creditors initiated an involuntary bankruptcy against Mr. Storm in this same Court, predicated solely on the validity of the above-captioned bankruptcy of BinaNat;

(iii)    Assessing sanctions against Armstrong Nix in the amount of fees incurred by BinaNat, to be paid determined after resolution of these issues when all such fees have been fully determined; and

(iv)    For such other and further relief as the Court deems proper and just.

This 1st day of September, 2023.

Respectfully submitted,

ROBL LAW GROUP LLC

/s/ Michael Robl
Michael D. Robl
Georgia Bar No. 610905
michael@roblgroup.com
Maxwell W. Bowen
Georgia State Bar No. 719784
max@roblgroup.com
3754 Lavista Road, Suite 250
Tucker, GA 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 23-55019-LRC |
| BINANAT CAPITAL, LLC, | Chapter 7 |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing pleading on all parties registered with the Court's ECF system which sends a notice of filing of this pleading, and a link to the pleading, to each recipient registered to receive ECF notices.

This 1st day of September, 2023.

Respectfully submitted,

ROBL LAW GROUP LLC

/s/ Michael Robl
Michael D. Robl
Georgia Bar No. 610905
michael@roblgroup.com
Maxwell W. Bowen
Georgia State Bar No. 719784
max@roblgroup.com
3754 Lavista Road, Suite 250
Tucker, GA 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
*Attorneys for Debtor*

20

# EXHIBIT 1

---

**Fill in this information to identify the case:**

United States Bankruptcy Court  for the:

__Northern__ District of __Georgia__
                          (State)

Case number (*If known*): _____  Chapter __7__

---

☐ Check if this is an
   amended filing

## Official Form 205

# Involuntary Petition Against a Non-Individual

12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

| **Part 1:** | **Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed** |
| --- | --- |

1. **Chapter of the Bankruptcy Code**

   *Check one:*

   ☑ Chapter 7
   ☐ Chapter 11

| **Part 2:** | **Identify the Debtor** |
| --- | --- |

2. **Debtor's name**

   BinaNat Capital, LLC

3. **Other names you know the debtor has used in the last 8 years**

   Include any assumed names, trade names, or *doing business as* names.

4. **Debtor's federal Employer Identification Number (EIN)**

   ☑ Unknown

   EIN __ __ – __ __ __ __ __ __ __

5. **Debtor's address**

   **Principal place of business**

   5565 Glenridge Connector NE
   Number     Street

   Suite 850

   Atlanta                          GA    30342
   City                             State  ZIP Code

   Fulton
   County

   **Mailing address, if different**

   _____
   Number     Street

   _____
   P.O. Box

   _____
   City          State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number     Street

   _____

   _____
   City          State    ZIP Code

Debtor  **BinaNat Capital, LLC**
Name

Case number (*if known*) _____

---

**6. Debtor's website (URL)**  https://www.binanat.com

**7. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the types of business listed.
☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☑ No
☐ Yes. Debtor _____   Relationship _____
District _____ Date filed _____   Case number, if known_____
MM / DD / YYYY

Debtor _____   Relationship _____
District _____ Date filed _____   Case number, if known_____
MM / DD / YYYY

---

**Part 3:**  **Report About the Case**

**10. Venue**

*Check one:*

☑ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.
☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.
☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☑ No
☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

---

Case 23-55019-lrc   Doc 1   Filed 05/31/23   Entered 05/31/23 13:18:18   Desc Main
Document   Page 3 of 4

| Debtor | BinaNat Capital, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| John Douglas Wyatt | unsecured debt | $ 2,778,950.00 |
| Douglas Lee Wyatt | unsecured debt | $ 100,000.00 |
| Oconee Players Club, LLC | unsecured debt | $ 278,850.00 |
| | Total of petitioners' claims | $ 3,157,800.00 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

| **Part 4:** | **Request for Relief** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|
| **Name and mailing address of petitioner** | |
| John Douglas Wyatt | Rosemary S. Armstrong |
| Name | Printed name |
| 1096 Lancaster Court | Armstrong Nix, P.C. |
| Number    Street | Firm name, if any |
| Watkinsville,              GA       30677 | 1050 Crown Pointe Parkway, Suite 500 |
| City                      State       ZIP Code | Number    Street |
| | Atlanta                    GA         30338 |
| **Name and mailing address of petitioner's representative, if any** | City                      State       ZIP Code |
| | Contact phone (404)900-5157 Email rarmstrong@armstrongnix.com |
| Name | |
| | Bar number 663361 |
| Number    Street | |
| | State     Georgia |
| City                      State       ZIP Code | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/31/2023
      MM / DD / YYYY

✘  /s/ John Douglas Wyatt
Signature of petitioner or representative, including representative's title

✘  /s/ Rosemary S. Armstrong
Signature of attorney
**Attorney for all Petitioners**
Date signed  05/31/2023
      MM / DD / YYYY

Debtor    **BinaNat Capital, LLC**
_____
Name

Case number (*if known*) _____

---

**Name and mailing address of petitioner**

Oconee Players Club, LLC
_____
Name

922 Hurricane Shoals Road NE
_____
Number    Street

Lawrenceville         GA         30043
_____
City                        State          ZIP Code

**Name and mailing address of petitioner's representative, if any**

John Douglas Wyatt
_____
Name

1096 Lancaster Court
_____
Number    Street

Watkinsville,          GA         30677
_____
City                        State          ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/31/2023
              _____
              MM / DD / YYYY

✗ John Douglas Wyatt, Managing Member
_____
Signature of petitioner or representative, including representative's title

Joseph J. Burton, Jr.
_____
Printed name

Armstrong Nix, P.C.
_____
Firm name, if any

1050 Crown Pointe Parkway, Suite 500
_____
Number    Street

Atlanta                 GA         30338
_____
City                        State          ZIP Code

Contact phone (404)900-5157  Email jburton@armstrongnix.com

Bar number   097875
             _____

State        GA
             _____

✗ /s/ Joseph J. Burton, Jr.
_____
Signature of attorney

**Attorney for all Petitioners**

Date signed   05/31/2023
              _____
              MM / DD / YYYY

---

**Name and mailing address of petitioner**

Douglas Lee Wyatt
_____
Name

1036 Dennis Station Road
_____
Number    Street

Eatonton               GA         31024
_____
City                        State          ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City                        State          ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/31/2023
              _____
              MM / DD / YYYY

✗ /s/ Douglas Lee Wyatt
_____
Signature of petitioner or representative, including representative's title

_____
Printed name

_____
Firm name, if any

_____
Number    Street

_____
City                        State          ZIP Code

Contact phone _____  Email _____

Bar number   _____

State        _____

✗ _____
Signature of attorney

Date signed   _____
              MM / DD / YYYY

---

# EXHIBIT 2

**Fill in this information to identify the case:**

United States Bankruptcy Court  for the:

Northern _____ District of  Georgia _____
                                              (State)

Case number (*If known*): _____  Chapter  7 ____

☑ Check if this is an
amended filing

## Official Form 205

# Involuntary Petition Against a Non-Individual                     12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

| **Part 1:** | **Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed** |
|---|---|

1. **Chapter of the Bankruptcy Code**

    *Check one:*

    ☑ Chapter 7
    ☐ Chapter 11

| **Part 2:** | **Identify the Debtor** |
|---|---|

2. **Debtor's name**

    BinaNat Capital, LLC

3. **Other names you know the debtor has used in the last 8 years**

    Include any assumed names, trade names, or *doing business as* names.

4. **Debtor's federal Employer Identification Number (EIN)**

    ☑ Unknown

    EIN __ __ - __ __ __ __ __ __ __

5. **Debtor's address**

    Principal place of business

    5565 Glenridge Connector NE
    Number      Street

    Suite 850

    Atlanta                              GA      30342
    City                                 State   ZIP Code

    Fulton
    County

    Mailing address, if different

    _____
    Number      Street

    _____
    P.O. Box

    _____
    City            State      ZIP Code

    Location of principal assets, if different from principal place of business

    _____
    Number      Street

    _____

    _____
    City            State      ZIP Code

Debtor   **BinaNat Capital, LLC**
_____
Name

Case number (*if known*)_____

---

**6. Debtor's website** (URL)      https://www.binanat.com
_____

---

**7. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other type of debtor. Specify: _____

---

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the types of business listed.

☐ Unknown type of business.

---

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☑ No

☐ Yes. Debtor _____   Relationship _____

District _____ Date filed _____   Case number, if known_____
                                    MM / DD / YYYY

Debtor _____   Relationship _____

District _____ Date filed _____   Case number, if known_____
                                    MM / DD / YYYY

---

| Part 3: | **Report About the Case** |
|---|---|

**10. Venue**

*Check one:*

☑ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

---

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

---

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☑ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

---

| Debtor | BinaNat Capital, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**13. Each petitioner's claim**

| | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | John Douglas Wyatt | unsecured debt | $ 2,778,950.00 |
| | Douglas Lee Wyatt | unsecured debt | $ 100,000.00 |
| | Oconee Players Club, LLC | unsecured debt | $ 278,850.00 |
| | | Total of petitioners' claims | $ 3,157,800.00 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

| **Part 4:** | **Request for Relief** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

**Petitioners or Petitioners' Representative**                    **Attorneys**

**Name and mailing address of petitioner**

| John Douglas Wyatt | | | Rosemary S. Armstrong | | |
|---|---|---|---|---|---|
| Name | | | Printed name | | |
| 1096 Lancaster Court | | | Armstrong Nix, P.C. | | |
| Number    Street | | | Firm name, if any | | |
| Watkinsville, | GA | 30677 | 1050 Crown Pointe Parkway, Suite 500 | | |
| City | State | ZIP Code | Number    Street | | |
| | | | Atlanta | GA | 30338 |
| **Name and mailing address of petitioner's representative, if any** | | | City | State | ZIP Code |

| | | | Contact phone | (404)900-5157 | Email  rarmstrong@armstrongnix.com |
|---|---|---|---|---|---|
| Name | | | | | |
| Number    Street | | | Bar number | 663361 | |
| City | State | ZIP Code | State | Georgia | |

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 05/31/2023 | | ✖ /s/ Rosemary S. Armstrong |
|---|---|---|---|
| | MM / DD / YYYY | | Signature of attorney |

✖  /s/ John Douglas Wyatt

Signature of petitioner or representative, including representative's title

| | | Date signed | 05/31/2023 |
|---|---|---|---|
| | | | MM / DD / YYYY |

Debtor    BinaNat Capital, LLC
_____
Name

Case number (*if known*)_____

---

**Name and mailing address of petitioner**

Oconee Players Club, LLC
_____
Name

922 Hurricane Shoals Road NE
_____
Number    Street

Lawrenceville              GA          30043
_____
City                       State       ZIP Code

**Name and mailing address of petitioner's representative, if any**

John Douglas Wyatt
_____
Name

1096 Lancaster Court
_____
Number    Street

Watkinsville,              GA          30677
_____
City                       State       ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/31/2023
             MM / DD / YYYY

✖  John Douglas Wyatt, Managing Member
_____
Signature of petitioner or representative, including representative's title

Rosemary S. Armstrong
_____
Printed name

Armstrong Nix, P.C.
_____
Firm name, if any

1050 Crown Pointe Parkway, Suite 500
_____
Number    Street

Atlanta                    GA          30338
_____
City                       State       ZIP Code

Contact phone  (404)900-5157   Email  rarmstrong@armstrongnix.com

Bar number   663361
_____

State   GA
_____

✖  /s/ Rosemary S. Armstrong
_____
Signature of attorney

Date signed   05/31/2023
              MM / DD / YYYY

---

**Name and mailing address of petitioner**

Douglas Lee Wyatt
_____
Name

1036 Dennis Station Road
_____
Number    Street

Eatonton                   GA          31024
_____
City                       State       ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City                       State       ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/31/2023
             MM / DD / YYYY

✖  /s/ Douglas Lee Wyatt
_____
Signature of petitioner or representative, including representative's title

Rosemary S. Armstrong
_____
Printed name

Armstrong Nix, P.C.
_____
Firm name, if any

1050 Crown Pointe Parkway, Suite 500
_____
Number    Street

Atlanta                    GA          30338
_____
City                       State       ZIP Code

Contact phone  (404)900-5157  Email  rarmstrong@armstrongnix.cc

Bar number   663361
_____

State   GA
_____

✖  /s/ Rosemary S. Armstrong
_____
Signature of attorney

Date signed   05/31/2023
              MM / DD / YYYY

---

# EXHIBIT 3

# Mike Robl

| | |
|---|---|
| **From:** | Max Bowen |
| **Sent:** | Tuesday, July 18, 2023 3:09 PM |
| **To:** | Rosemary Armstrong; Jay Burton |
| **Cc:** | Mike Robl |
| **Subject:** | BinaNat Capital Bankruptcy - Scheduling Order |
| **Attachments:** | Scheduling Order DRAFT v3.docx |

Good afternoon Rosemary and Jay,

Please see the attached proposed scheduling order. If either of you have any changes, if you could please make them in redline, we'd appreciate it. If everything looks good to both of you, we'll get this uploaded to the Court.

Best,

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile: (404) 537-1761
Email:  max@roblgroup.com
Website:  www.roblgroup.com
*Licensed in Georgia and Florida*

Note: This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise confidential. If you are not the intended beneficiary, please notify the sender and delete this email.

1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 23-55019-LRC |
| BINANAT CAPITAL, LLC, | Chapter 7 |
| Debtor. | |

## SCHEDULING ORDER

On July 11, 2023, a status conference (the "Status Conference") was held and the Court took up issues regarding scheduling involving the current matters filed in this case, including the *Motion to Transfer Venue* (Doc. No. 8) filed by Debtor BinaNat Capital, LLC ("BinaNat"), Debtor's *Amended Answer to Involuntary Bankruptcy Petition* (Doc. No. 12), and the petitioning creditors, John Douglas Wyatt, Oconee Players Club, LLC, and Douglas Lee Wyatt (the "Petitioning Creditors") *Response to Debtor's Motion to Transfer Venue* (the "Motion to Transfer," Doc. No. 17). Present at the Status Conference were Debtor's principal, Mr. Robert Storm, Debtor's counsel, Mr. Michael. D. Robl and Mr. Maxwell W. Bowen, the Petitioning

1

Creditors' counsel, Ms. Rosemary S. Armstrong and Mr. Joseph J. Burton, Jr., and counsel for certain other creditors of BinaNat, Mr. Jon Gottlieb.

During the Status Conference, Debtor's counsel requested a limited time to conduct discovery regarding whether the Petitioning Creditors had authorized the filing of the above-captioned involuntary bankruptcy petition. Debtor's counsel and the Petitioning Creditors' counsel have agreed to the following deadlines to conduct such discovery:

1.  All discovery requests shall be served no later than July 31, 2023.

2.  All discovery requests shall be responded or objected to no later than August 11, 2023.

3.  Any issues related to the sufficiency of requested discovery, including the sufficiency of responses and applicability of objections, should be submitted to the Court for consideration no later than August 18, 2023.

4.  The deposition of a member of the firm of Armstrong Nix, P.C.—who shall have knowledge of the information related to the authorization by John Douglas Wyatt and Oconee Players Club, LLC to file the above-captioned involuntary bankruptcy case and the information requested through Debtor's discovery—shall be held at a mutually agreeable date, time, and place, but no later than August 25, 2023.

5.  The deposition of John Douglas Wyatt, as an individual and as an owner of Oconee Players Club, LLC, shall be held at a mutually agreeable date, time, and place, but no later than August 25, 2023.

6.  Any motions regarding the dismissal of the involuntary bankruptcy petition shall be filed no later than September 8, 2023.

The Court will set a hearing on the Motion to Transfer and any motion to dismiss the involuntary bankruptcy petition in an order separate from this scheduling order.

If the parties intend to submit evidence to the Court on either the Motion to Transfer, any motion to dismiss the involuntary bankruptcy petition, or any other motion, the parties shall attend such hearing in person, except that Mr. Robert Storm may appear virtually via Zoom.

SO ORDERED.

[END OF ORDER]

| | |
|---|---|
| *Prepared and presented by:* | *Reviewed as to form by:* |
| | ARMSTRONG NIX, P.C. |
| ROBL LAW GROUP LLC | |
| | [DRAFT]_____ |
| /s/ Michael Robl_____ | Rosemary S. Armstrong |
| Michael D. Robl | Georgia Bar No. 663361 |
| Georgia Bar No. 610905 | Joseph J. Burton, Jr. |
| michael@roblgroup.com | Georgia Bar No. 097875 |
| Maxwell W. Bowen | 1050 Crown Pointe Parkway, Suite 500 |
| Georgia State Bar No. 719784 | Atlanta, Georgia 30338 |
| max@roblgroup.com | Telephone: (404) 900-5157 |
| 3754 Lavista Road, Suite 250 | rarmstrong@armstrongnix.com |
| Tucker, GA 30084 | jburton@armstrongnix.com |
| (404) 373-5153 (telephone) | *Attorneys for Petitioning Creditors* |
| (404) 537-1761 (facsimile) | |
| *Attorneys for Debtor* | |

3

# EXHIBIT 4

# Mike Robl

| | |
|---|---|
| **From:** | Rosemary Armstrong <rarmstrong@armstrongnix.com> |
| **Sent:** | Wednesday, July 19, 2023 7:59 AM |
| **To:** | Max Bowen; Jay Burton |
| **Cc:** | Mike Robl |
| **Subject:** | RE: BinaNat Capital Bankruptcy - Scheduling Order |

Dear Max,

I am out of the country. I will be back in the office on Friday. I will discuss the scheduling order with you then.

Regards,

Rosemary

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
(404)900-5157

**From:** Max Bowen <max@roblgroup.com>
**Sent:** Tuesday, July 18, 2023 3:09 PM
**To:** Rosemary Armstrong <rarmstrong@armstrongnix.com>; Jay Burton <JBurton@armstrongnix.com>
**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** BinaNat Capital Bankruptcy - Scheduling Order

Good afternoon Rosemary and Jay,

Please see the attached proposed scheduling order. If either of you have any changes, if you could please make them in redline, we'd appreciate it. If everything looks good to both of you, we'll get this uploaded to the Court.

Best,

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile: (404) 537-1761
Email:  max@roblgroup.com
Website:  www.roblgroup.com
*Licensed in Georgia and Florida*

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email.

2

# EXHIBIT 5

# Mike Robl

**From:**      Max Bowen
**Sent:**      Wednesday, July 26, 2023 5:18 PM
**To:**        Rosemary Armstrong; Jay Burton
**Cc:**        Mike Robl
**Subject:**   RE: BinaNat Capital Bankruptcy - Scheduling Order

Good afternoon Rosemary,

Wanted to follow up on the below, given the relatively short timeframe for everything.

Best,

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile: (404) 537-1761
Email:  max@roblgroup.com
Website:  www.roblgroup.com
*Licensed in Georgia and Florida*

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense
privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email.

**From:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Sent:** Wednesday, July 19, 2023 7:59 AM
**To:** Max Bowen <max@roblgroup.com>; Jay Burton <JBurton@armstrongnix.com>
**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** RE: BinaNat Capital Bankruptcy - Scheduling Order

Dear Max,

I am out of the country.  I will be back in the office on Friday.  I will discuss the scheduling order with you then.

Regards,

Rosemary

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia  30338
(404)900-5157

**From:** Max Bowen <max@roblgroup.com>
**Sent:** Tuesday, July 18, 2023 3:09 PM
**To:** Rosemary Armstrong <armstrong@armstrongnix.com>; Jay Burton <jburton@armstrongnix.com>
**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** BinaNat Capital Bankruptcy - Scheduling Order

Good afternoon Rosemary and Jay,

Please see the attached proposed scheduling order. If either of you have any changes, if you could please make them in redline, we'd appreciate it. If everything looks good to both of you, we'll get this uploaded to the Court.

Best,

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial:  (404) 373-5180
Facsimile:  (404) 537-1761
Email:   max@roblgroup.com
Website:  www.roblgroup.com
*Licensed in Georgia and Florida*

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email.

2

3

# EXHIBIT 6

# Mike Robl

**From:** Max Bowen
**Sent:** Friday, July 28, 2023 12:51 PM
**To:** Mike Robl
**Subject:** FW: BinaNat Capital Bankruptcy - Scheduling Order

FYI below

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile: (404) 537-1761
Email: max@roblgroup.com
Website: www.roblgroup.com
*Licensed in Georgia and Florida*

Note: This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential. If you are not the intended beneficiary, please notify the sender and delete this email.

**From:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Sent:** Friday, July 28, 2023 12:46 PM
**To:** Max Bowen <max@roblgroup.com>
**Subject:** RE: BinaNat Capital Bankruptcy - Scheduling Order

Dear Max,

I apologize for the continued delay, but we are buried with trial prep for a matter than has been pending since 2015 and is going to trial Aug 7. I have to finalize the pretrial order in that matter today. I will be in touch on Monday.

Have a good weekend.

Thanks,

Rosemary

1

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia  30338
(404)900-5157

**From:** Max Bowen <max@roblgroup.com>
**Sent:** Wednesday, July 26, 2023 5:18 PM
**To:** Rosemary Armstrong <rarmstrong@armstrongnix.com>; Jay Burton <JBurton@armstrongnix.com>
**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** RE: BinaNat Capital Bankruptcy - Scheduling Order

Good afternoon Rosemary,

Wanted to follow up on the below, given the relatively short timeframe for everything.

Best,

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile: (404) 537-1761
Email:  max@roblgroup.com
Website:  www.roblgroup.com
*Licensed in Georgia and Florida*

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email.

**From:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Sent:** Wednesday, July 19, 2023 7:59 AM
**To:** Max Bowen <max@roblgroup.com>; Jay Burton <JBurton@armstrongnix.com>

2

**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** RE: BinaNat Capital Bankruptcy - Scheduling Order

Dear Max,

I am out of the country. I will be back in the office on Friday. I will discuss the scheduling order with you then.

Regards,

Rosemary

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia  30338
(404)900-5157

**From:** Max Bowen <max@roblgroup.com>
**Sent:** Tuesday, July 18, 2023 3:09 PM
**To:** Rosemary Armstrong <armstrong@armstrongnix.com>; Jay Burton <jBurton@armstrongnix.com>
**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** BinaNat Capital Bankruptcy - Scheduling Order

Good afternoon Rosemary and Jay,

Please see the attached proposed scheduling order. If either of you have any changes, if you could please make them in redline, we'd appreciate it. If everything looks good to both of you, we'll get this uploaded to the Court.

Best,

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile:  (404) 537-1761

3

Email:  max@roblgroup.com
Website:  www.roblgroup.com
*Licensed in Georgia and Florida*

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential. If you are not the intended beneficiary, please notify the sender and delete this email.

4

# Mike Robl

**From:**      Max Bowen
**Sent:**      Monday, July 31, 2023 12:45 PM
**To:**        Rosemary Armstrong
**Cc:**        Mike Robl
**Subject:**   RE: BinaNat Capital Bankruptcy - Scheduling Order

Good afternoon Rosemary,

Given that the first of the dates we proposed in our scheduling order had a deadline of today, I wanted to see if you had time to discuss this afternoon. Given that the Court gave us a constrained timeline to get the discovery done in this matter, which will likely include depositions of various parties, we want to nail down these dates ASAP so we can complete everything by the end of the month.

Best,

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile: (404) 537-1761
Email:  max@roblgroup.com
Website:  www.roblgroup.com
*Licensed in Georgia and Florida*

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email.

**From:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Sent:** Friday, July 28, 2023 11:46 AM
**To:** Max Bowen <max@roblgroup.com>
**Subject:** RE: BinaNat Capital Bankruptcy - Scheduling Order

Dear Max,

1

I apologize for the continued delay, but we are buried with trial prep for a matter than has been pending since 2015 and is going to trial Aug 7. I have to finalize the pretrial order in that matter today. I will be in touch on Monday.

Have a good weekend.

Thanks,

Rosemary

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia  30338
(404)900-5157

**From:** Max Bowen <max@roblgroup.com>
**Sent:** Wednesday, July 26, 2023 5:18 PM
**To:** Rosemary Armstrong <armstrong@armstrongnix.com>; Jay Burton <JBurton@armstrongnix.com>
**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** RE: BinaNat Capital Bankruptcy - Scheduling Order

Good afternoon Rosemary,

Wanted to follow up on the below, given the relatively short timeframe for everything.

Best,

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile: (404) 537-1761
Email:  max@roblgroup.com
Website:  www.roblgroup.com
*Licensed in Georgia and Florida*

2

Note: This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential. If you are not the intended beneficiary, please notify the sender and delete this email.

**From:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Sent:** Wednesday, July 19, 2023 7:59 AM
**To:** Max Bowen <max@roblgroup.com>; Jay Burton <JBurton@armstrongnix.com>
**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** RE: BinaNat Capital Bankruptcy - Scheduling Order

Dear Max,

I am out of the country. I will be back in the office on Friday. I will discuss the scheduling order with you then.

Regards,

Rosemary

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia  30338
(404)900-5157

**From:** Max Bowen <max@roblgroup.com>
**Sent:** Tuesday, July 18, 2023 3:09 PM
**To:** Rosemary Armstrong <rarmstrong@armstrongnix.com>; Jay Burton <JBurton@armstrongnix.com>
**Cc:** Mike Robl <michael@roblgroup.com>
**Subject:** BinaNat Capital Bankruptcy - Scheduling Order

Good afternoon Rosemary and Jay,

Please see the attached proposed scheduling order. If either of you have any changes, if you could please make them in redline, we'd appreciate it. If everything looks good to both of you, we'll get this uploaded to the Court.

Best,

3

Max

Maxwell W. Bowen, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial: (404) 373-5180
Facsimile: (404) 537-1761
Email: max@roblgroup.com
Website: www.roblgroup.com
*Licensed in Georgia and Florida*

Note: This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential. If you are not the intended beneficiary, please notify the sender and delete this email.

4