**IT IS ORDERED as set forth below:**

Date: September 22, 2023

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| | : | |
| BINANAT CAPITAL, LLC, | : | 23-55019-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

### ORDER

Oconee Players Club, LLC ("OPC"), Douglas Lee Wyatt, and John Douglas Wyatt (the "Petitioning Creditors") filed an involuntary petition (Doc. 1, the "Petition") against BinaNat Capital LLC ("BinaNat"), but counsel for the Petitioning Creditors ("Counsel") did not have possession of the "wet ink" signatures of the Petitioning Creditors at the time the Petition was filed or amended and one of the signatures on the Petition was missing. After having obtained the proper signatures, Counsel filed, on behalf of Petitioning

Creditors, a *Motion for Entry of Order for Relief and Stay of Discovery* (Doc. 20, the "Motion"). In response to the Motion, BinaNat argues that the Petition was void *ab initio*, cannot be cured or ratified, and must be dismissed. (Doc. 32, "Response"). Alternatively, if the Court finds entry of an order for relief is appropriate, BinaNat asks the Court to determine that the BinaNat case was not pending for purposes of the affiliate venue provision until the "wet ink" signatures were obtained. BinaNat also seeks sanctions, pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, against Counsel for the conduct in connection with the filing of the Petition and First Amended Petition and Counsel's lack of candor with regard thereto.

For the reasons that follow, BinaNat's opposition lacks merit and, accordingly, the Court will grant the Motion and, by separate order, enter an order for relief. The Court will not consider BinaNat's request for sanctions at this time because it was made in the Response, as opposed to by separate motion, as required by Rule 9011. Fed. R. Bankr. P. 9011(c)(1)(A) ("A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).").

Facts and Procedural History

The Petitioning Creditors filed the Petition on May 31, 2023 (the "Petition Date"). The Petition contained a /s/ to indicate the signatures of two of the three Petitioning

2

Creditors but was missing the /s/ of the authorizing representative of OPC. Also on the Petition Date, the Petitioning Creditors amended the Petition (the "First Amended Petition," Doc. 3). The First Amended Petition also omitted the /s/ for the representative of OPC. Counsel did not obtain "wet ink" signatures for any Petitioning Creditor until the end of July 2023. BinaNat filed an answer to the First Amended Petition on June 26, 2023 (Doc. 7), in which it did not contest the First Amended Petition, but amended the answer on June 30, 2023 (Doc. 12, the "Amended Answer"). The Amended Answer questioned whether Counsel had authority from all three Petitioning Creditors to file the Petition and the First Amended Petition.

On July 31, 2023, Petitioning Creditors filed a second amended petition that contained "wet ink" signatures for the Petitioning Creditors. (Doc. 19, the "Second Amended Petition"). Petitioning Creditors also filed the affidavits of all three Petitioning Creditors (Doc. 20, Exhs. A & B, the "Affidavits"). The Affidavits state that any allegation that the Petitioning Creditors did not authorize the filing of the Petition is false and aver that Counsel had full authority to file the Petition and to attach Petitioning Creditors' signatures thereto.

On September 1, 2023, Nicholas P Bodin, Helene Bisceglia, and Glen Meadow Holdings, LLC ("Glen Meadow") joined the Second Amended Petition. Docs. 28, 29, & 30. Glen Meadow supports the Motion. *See* Doc. 36.

<u>Legal Authority</u>

BinaNat's opposition to the Petitioning Creditor's request for the entry of the order for relief requires the Court to consider two issues: (1) whether the lack of signatures on the Petition can be cured; and (2) if so, whether that cure means that the BinaNat case was not the first filed case for purposes of the affiliate venue provision.  Under the Bankruptcy Code, a case is commenced by filing a petition under §§ 301, 302, 303, or 304.  Once commenced, the Court has original and exclusive jurisdiction over the bankruptcy case. 28 U.S.C. § 1334(a); *see also In re Alta Title Co*., 55 B.R. 133, 135 (Bankr. D. Utah 1985).

Under § 303, an involuntary case "against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 . . . by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least [$18,600] more than the value of any lien on property of the debtor securing such claims held by the holders of such claims." 11 U.S.C. § 303(b)(1).  "After the filing of [an involuntary petition] but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent, other than a creditor filing under subsection (b) of this section, may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section." *Id.*, § 303(c).  "Although

4

Congress intended for the procedure for joinder of additional creditors to be dealt with by the Bankruptcy Rules, Rule 1003(d) does not specify the form of pleading or paper required to effect joinder," and courts "have recognized an effective joinder where creditors have filed a motion to amend the original petition, a motion to join or intervene, or by filing intervening petitions or an amended petition. *In re Alta Title Co*., 55 B.R. 133, 142 (Bankr. D. Utah 1985) (internal citations omitted).

"If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount; or (2) within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession." *Id*., § 303(h).  "Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section—(1) on the motion of a petitioner; (2) on consent of all petitioners and the debtor; or (3) for want of prosecution.  *Id*., § 303(j).

BinaNat asserts that the Petition was void *ab initio* due to Counsel's failure to

5

comply with the requirements of BLR 5005-7(b)(3) and Federal Rule of Bankruptcy Procedure 1008. BLR 5005-7(b)(3) provides that "the signature of each person signing [an electronically filed ] document must be indicated above the signature line with the notation '/s/' above the name of each person signing the document or by some other notation that clearly indicates that the document has been signed and by whom," and that the "electronic filing of the document constitutes a representation and certification by the person filing the document (A) that each person whose signature is thus indicated on the document has signed it and (B) that, at the time of filing, the person filing the document electronically is in possession of an original document signed as indicated on the electronically filed document." BLR 5005-7(b)(3). Under Rule 1008, a petition must be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746. Notably, Rule 9011(a), which applies to petitions, provides that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Fed. R. Bankr. P. 9011(a). Further, Rule 7015, made applicable to involuntary petitions by Rule 1018, permits amendment of pleadings as provided for in Federal Rule of Civil Procedure 15. Fed. R. Bankr. P. 1018;[1] *see also In re Rodriguez*

---

[1] Rule 15 provides that a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the Court should freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the filing of the Second Amended Petition required leave of Court, which was not sought or granted, or the consent of BinaNat. As

6

*Alzugaray*, 606 B.R. 159, 167 (Bankr. D.P.R. 2019).   Under Rule 15(c), "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."   Fed. R. Civ. P. 15(c).

Having considered the facts of this case and the above legal authority, the Court agrees with Petitioning Creditors that any defect in the Petition due to the omission of a /s/ signature for OPC or the failure of Counsel to obtain "wet ink" signatures prior to the Petition Date has been cured by Counsel's obtaining the "wet ink" signatures and the filing of the Second Amended Petition.  *See In re Mid-Am. Lines, Inc.*, 178 B.R. 514, 516 (D. Kan. 1995) (reversing the bankruptcy court's dismissal of involuntary petition on the basis that "the creditors did not sign and verify the petition as required by Fed. R. Bankr. P. 1008 and Official Bankruptcy Form 5, but the petition was signed by their attorney," because it is well settled that "defective verification is not a jurisdictional issue and can be cured") (citing *Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 366 (5th Cir.1962)); *see also Alta Title Co.*, 55 B.R. at 142) (stating that the joinder of additional creditors cures

---

BinaNat has not raised the issue or sought to strike the Second Amended Petition and the Court would have granted leave if it had been requested, *see In re Murphy*, 2019 WL 10744972, at *3 (Bankr. M.D. Fla. Mar. 19, 2019) (noting that, "[t]o successfully challenge a motion for leave to amend a pleading, the party opposing an amendment must show improper motive on the movant's part or actual prejudice, not just the mere possibility of prejudice"), the Court finds that BinaNat has waived the issue of whether the First Amended Petition may be amended and, in the interest of moving as expeditiously as possible to consider BinaNat's motion to transfer venue, deems the Second Amended Petition to be properly filed.   *See Am. Honda Motor Co. v. St. Paul Fire & Marine Ins. Co.*, 2012 WL 13055690, at *3 (D. Or. Apr. 4, 2012).

"defects in the original as to the number of petitioning creditors and the amount and nature of their claims"); *In re J. V. Knitting Servs., Inc.*, 4 B.R. 597, 598 (Bankr. S.D. Fla. 1980) ("The alleged debtor disputes the status of [the original single creditor's] claim. The point became irrelevant with the joinder of the third additional claim and no purpose would be served by discussing that issue."). BinaNat argues that the rule that a defective involuntary petition filed by a single creditor can be cured by joining additional creditors should not be applied where the petition is defective due to a lack of "wet ink" signatures for any creditor. But BinaNat cites no authority, and the Court is persuaded by the fact that Rule 9011, which applies to petitions, contemplates amendments to correct an unsigned petition. It is also clear from the uncontroverted Affidavits that Counsel had authority to file the Petition on behalf of all Petitioning Creditors. *See In re E. Supply Co.*, 170 F. Supp. 246, 250 (W.D. Pa.), aff'd, 267 F.2d 776 (3d Cir. 1959) ("Therefore, we hold that the petition was sufficient on its face insofar as execution and verification are concerned, and the written confirmation of [the attorney's] prior authority subsequently presented by each creditor 'clinches the matter'."). Accordingly, the Court agrees with Petitioning Creditors that dismissing this case would elevate form over substance and would be contrary to well-settled legal authority that an unsigned voluntary petition can be cured, or, indeed, even ratified by the petitioner if originally unauthorized. *See, e.g., In re Koliba*, 338 B.R. 39, 47 (Bankr. N.D. Ohio 2006) ("For all these reasons then, this Court cannot accept the

8

UST's position that the lack of debtor's signature on a petition, whether filed by paper or electronically, deprives this Court of jurisdiction over the case."); *In re Kell*, 2007 WL 5582049, at *3 (Bankr. M.D. Tenn. Aug. 29, 2007) ("Accordingly, even if the debtor technically failed to comply with the Bankruptcy Rules or ECF Procedures, dismissal would not be a suitable remedy under the circumstances of this case."); *In re Rose*, 422 B.R. 896, 899–900 (Bankr. S.D. Ohio 2010) ("These inapposite decisions do not—in the Court's view—counsel in favor of adopting a bright-line rule that would mandate dismissal in all instances where a petition is electronically filed before the original petition is signed by the debtor(s)."); *In re Todd*, 2015 WL 5042116, at *5 (Bankr. N.D. Ga. Aug. 6, 2015) (citing to *In re Willis*, 345 B.R. 647, 652–53 (B.A.P. 8th Cir. 2006) and *In re Scotto*, 2010 WL 1688743, at *12–15 (Bankr.E.D.N.Y.2010) as cases finding ratification of an unauthorized voluntary petition by debtor's conduct). The fact that BinaNat has not taken action to ratify the Petition is of no consequence, as BinaNat is not the petitioner.

The Court further agrees with Petitioning Creditors that, "[w]hen joinder is permitted, it will relate back to the date of filing the original petition, and the continuity of the bankruptcy case will not be interrupted." *Alta Title Co.*, 55 B.R. at 143–44 (Bankr. D. Utah 1985); *see also In re Bedingfield*, 96 F. 190, 192 (N.D. Ga. 1899) (holding that, so long as the filing of a defective petition was not done in bad faith or the equivalent of a "sham" petition, joining creditors can cure the defect). Therefore, the Court will not

9

declare that this case was not pending on the Petition Date for purposes of the affiliate venue provision.

## Conclusion

For the reasons stated above,

IT IS ORDERED that the Motion is GRANTED, and the Court by separate order will enter the order for relief in this case.

**END OF DOCUMENT**

**Distribution List**

Michael D. Robl
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Ste 500
Atlanta, GA 30338

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Brian Linkowski
Fidelity National Law Group
Suite 475
4170 Ashford Dunwoody Road

Atlanta, GA 30319

Kenneth A. Shapiro
Mitchell & Shapiro, LLP
881 Piedmont Ave NE
Atlanta, GA 30309

Jon A. Gottlieb
Flynn & Gottlieb, P.A.
800 Johnson Ferry Road
Atlanta, GA 30342-1417

Thomas Rosseland
Bodker, Ramsey, Andrews, et al., P.C.
One Securities Centre, Suite 1400
3490 Piedmont Road NE
Atlanta, GA 30305-4808

Jacob A. Maurer
Bodker, Ramsey, Andrews, et al
One Securities Centre
3490 Piedmont Road NE, Suite 1400
Atlanta, GA 30305-4808

11