UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

BINANAT CAPITAL, LLC,

    Debtor.

CASE NO. 23-55019-LRC

Chapter 7

### NOTICE OF WITHDRAWAL OF DEBTOR'S MOTION TO TRANSFER VENUE

Debtor Binanat Capital, LLC ("Binanat"), by and through its undersigned counsel, hereby files this *Notice of Withdrawal* regarding that certain *Motion to Transfer Venue* filed by Binanat on June 26, 2023 (Docket No. 8; the "Motion to Transfer"), respectfully showing the Court as follows:

1. Binanat is owned and operated by Mr. Robert Storm, who is a long-time resident of the State of Florida and who conducted the operations of Binanat from Florida.

2. Binanat and Mr. Storm were both placed into involuntary bankruptcy cases in this Court when three creditors (the "Petitioning Creditors") filed[1] a Petition outside of Mr. Storm's home state.

3. Because Mr. Storm does not reside in Georgia, and is the representative of Binanat, and may face a substantial financial burden if he is forced to travel to this Court at a time when he has extremely limited financial resources, Binanat filed its Motion seeking to transfer this case to Mr. Storm's home state of Florida on the same day that Binanat filed its Answer to the involuntary Petition.

4. The United States Trustee recently requested that Mr. Storm compile four expansive categories of documents in his case, with a single category inclusive of thirty-three (33)

---

[1] As previously noted, none of the three creditors actually signed the Petition originally.

1

subcategories, with a requested production date of October 20, 2023, and Mr. Storm is in the midst of compiling the requested documents in his possession, which is a substantial time commitment.

5. The Court set the Motion to Transfer for an evidentiary hearing scheduled to begin on October 18, 2023 (the "<u>Scheduled Hearing</u>"). The Court also required the parties to provide a list of witnesses for the Scheduled Hearing.

6. On October 11, 2023, the Petitioning Creditors provided a list of ***thirty-seven (37)*** witnesses for the Scheduled Hearing.

7. If the Petitioning Creditors call ***thirty-seven (37)*** witnesses, or even a fraction of that total number, for testimony at the Scheduled Hearing then the Scheduled Hearing would likely run several days inclusive of cross-examination.

8. Mr. Storm requested this week that the Petitioning Creditors drop their opposition to transferring venue because of the rapidly expanding costs of the proceeding, and for practical reasons.

9. The Petitioning Creditors have rejected the request to consent to the transfer of venue. Copies of emails regarding the request to consent to the transfer and the responses rejecting that request are attached hereto.

10. As evidenced in the attached emails, the Petitioning Creditors remain intent on putting Binanat and Mr. Storm through an extensive evidentiary hearing, hundreds of miles from Mr. Storm's (Binanat's representative) home, along with the substantial costs of legal counsel preparing for and attending an extensive evidentiary hearing, while Mr. Storm lacks substantial financial resources, and at the same time that Mr. Storm faces numerous other commitments.

11. For the foregoing reasons, despite vigorous disagreement with the asserted opposition to the Motion to Transfer, Binanat hereby notifies the Court and all parties in interest that it hereby withdraws the Motion to Transfer.

This 13th day of October, 2023.

Respectfully submitted,

ROBL LAW GROUP LLC

/s/ Michael Robl
By: Michael D. Robl
michael@roblgroup.com
Georgia Bar No. 610905
Maxwell W. Bowen
max@roblgroup.com
Georgia Bar No. 719784
*Counsel for Debtor*

3754 Lavista Road, Suite 250
Tucker, Georgia 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 23-55019-LRC |
| BINANAT CAPITAL, LLC, | Chapter 7 |
| Debtor. | |

  I hereby certify that on this date, I electronically filed the foregoing *Notice* with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing, and a link to the filing, to the parties or attorneys of record.

  This 13th day of October, 2023.

                ROBL LAW GROUP LLC

                /s/ Michael Robl
                By:  Michael D. Robl
                Georgia Bar No. 610905
                Maxwell W. Bowen
                Georgia Bar No. 719784
                *Counsel for Debtor*

3754 Lavista Road, Suite 250
Tucker, Georgia 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
michael@roblgroup.com (e-mail)
max@roblgroup.com (email)

# Mike Robl

| | |
|---|---|
| **From:** | Mike Robl |
| **Sent:** | Tuesday, October 10, 2023 5:27 PM |
| **To:** | 'Rosemary Armstrong' |
| **Cc:** | Jay Burton; Max Bowen |
| **Subject:** | RE: stipulations |

We certainly do not agree on the practicalities. I still submit it is much less expensive for a creditor to travel to Florida one time (being when their specific matter is being determined) than for Mr. Storm to travel to Georgia numerous times (as he would need to address every matter determined). If you are unwilling to revisit the issue with your clients, despite the burden on all involved of an evidentiary hearing, so be it.

Michael Robl, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial:  (404) 373-5153
Facsimile:  (404) 537-1761
Email:  michael@roblgroup.com
Website:  www.roblgroup.com

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email.  IMPORTANT DISCLOSURES AND TERMS & CONDITIONS ARE CONTAINED ON OUR FIRM WEBSITE AT WWW.ROBLGROUP.COM AND GOVERN OUR RELATIONSHIP WITH CLIENTS.

**From:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Sent:** Tuesday, October 10, 2023 5:24 PM
**To:** Mike Robl <michael@roblgroup.com>
**Cc:** Jay Burton <JBurton@armstrongnix.com>; Max Bowen <max@roblgroup.com>
**Subject:** RE: stipulations

Dear Mike,

You may take the view that this issue is lawyer driven if you so choose.  In preparation for this hearing, I have had extensive conversations related to venue and there is not one client who is of the view that venue for either Debtor is proper in Florida.  Moreover, for numerous reasons I would not recommend such a resolution.  In fact, your email makes the case that my numerous clients would not wish to travel to Florida when your one client could travel to Georgia.  Moreover, the suggestion that one case stay in Georgia and the other move to Florida flies in the face of one of the factors related to change of venue -  the cost effective administration of the case.

Regards,

Rosemary

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway

1

Suite 500
Atlanta, Georgia  30338
(404)900-5157

---

**From:** Mike Robl <michael@roblgroup.com>
**Sent:** Tuesday, October 10, 2023 5:00 PM
**To:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Cc:** Jay Burton <JBurton@armstrongnix.com>; Max Bowen <max@roblgroup.com>
**Subject:** RE: stipulations

Rosemary,
You have entered appearances for *numerous* clients in these bankrupcy cases. You could not possibly have conferred with all of them about the practical reasons to stop opposing the change of venue in between when I sent you my email and when you responded. Your course of action appears to me to be lawyer-driven rather than determined by (or in the best interests of) the clients.
You are also mischaracterizing our prior communications. We did not indicate we would agree to stipulate, or propose a counter-stipulation. Rather, we indicated that if you wish to propose a stipulation that we are open to trying to work something out. We have not been able to do so for the reasons given.
You may be available to work until midnight today on it. I am not. I have a 7:00 meeting that I have to be at for a volunteer organization where I am the Treasurer. I need to leave shortly to prepare for and attend that.
I note that you had told us we would have your proposal days before we actually received it from you, so the shortage of time is what it is.
I urge you, again, to confer with your clients about what is in the best interest of the parties.

Michael Robl, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
Direct Dial:  (404) 373-5153
Facsimile:  (404) 537-1761
Email:  michael@roblgroup.com
Website:  www.roblgroup.com

Note:  This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential.  If you are not the intended beneficiary, please notify the sender and delete this email.  IMPORTANT DISCLOSURES AND TERMS & CONDITIONS ARE CONTAINED ON OUR FIRM WEBSITE AT WWW.ROBLGROUP.COM AND GOVERN OUR RELATIONSHIP WITH CLIENTS.

---

**From:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Sent:** Tuesday, October 10, 2023 4:12 PM
**To:** Mike Robl <michael@roblgroup.com>
**Cc:** Jay Burton <JBurton@armstrongnix.com>; Max Bowen <max@roblgroup.com>
**Subject:** RE: stipulations

Dear Mike,

As I understood the response from the Court, the Court is amenable to remote appearances provided the parties stipulate to the same.  Will you so stipulate?

The blanks for the information in the stipulated facts is information specifically in the possession of your client and would be information readily available from the material used to prepare the schedules.  I understood that you would

2

prepare proposed stipulated facts toward the end of last week, but I did not receive any from you. The order and notice of hearing does not require that the stipulated facts be filed by the close of business, but rather by today. There are still a number of hours left in the day to complete the task which will solve a number of evidentiary issues if the goal is to shorten the length of time required for the hearing.

We are not willing to consent to Mr. Storm's case being transferred to Florida.

Rosemary

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia  30338
(404)900-5157

**From:** Mike Robl <michael@roblgroup.com>
**Sent:** Tuesday, October 10, 2023 3:58 PM
**To:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Cc:** Jay Burton <JBurton@armstrongnix.com>; Max Bowen <max@roblgroup.com>
**Subject:** RE: stipulations

Rosemary,
I'm following up regarding the proposed stipulation, and also on the "bigger picture" in this case. With regard to the proposed stipulation that we received late last week I have not had time to finalize a response to the draft for a combination of reasons, including that Mr. Storm had to attend to an emergency matter through Friday, I've had to be in court this week, and the stipulation is long and has many blanks in it that would require input, as well as the fact that if we were going to stipulate to such numerous statements then we would also propose responsive or offsetting facts for stipulation which we likewise have not had time to complete considering. As a result, we will not have any response to you on it by the deadline of the close of business today.
On a "big picture" level, I'm asking your clients to reconsider their opposition to the motion to transfer venue. Given that the court informed us today that the judge desires for witnesses to attend in person, and given how many witnesses you have indicated you might call (which I understand is up to 19), this could be a two or three day evidentiary hearing. All parties would spend a tremendous amount of time and money over the issue of whether the court in Atlanta or a court in northern Florida hears future issues. But, in the individual bankruptcy case of Mr. Storm it will not change what exemptions apply since he has been a Florida resident for over a decade and either court will apply the exemptions of the state of residence of the debtor. It likely also won't change what lawyers are involved, as I envision that your firm and my firm will both still have roles regardless of which court the case proceeds in. It is, however, substantially easier for Mr. Storm to appear closer to home in light of his limited financial resources. If he had to come to Atlanta for 10 separate creditors' discharge objection hearings, hypothetically, that is a much larger burden on him than if each of 10 creditors makes one trip to Mr. Storm's venue. I submit that your clients will spend less money to drive to Florida and get a hotel room for one night than they will spend on legal fees, and time away from business, litigating an ongoing evidentiary hearing about transferring venue. I request that you pass this along to your clients for consideration due to the practicalities involved, which are becoming more and more apparent to all involved I believe.
Finally, if you want to propose that the Binanat case stay in Atlanta but would withdraw opposition to the motion in Mr. Storm's personal case in light of the expense of litigating this issue, as a compromise on the two cases, I am open to discussing that.
I look forward to hearing back from you.
Michael Robl, Esq.
Robl Law Group, LLC
3754 Lavista Road, Suite 250

Tucker, Georgia 30084
Direct Dial: (404) 373-5153
Facsimile: (404) 537-1761
Email: michael@roblgroup.com
Website: www.roblgroup.com

Note: This email is intended for the named recipient(s) only and may contain information subject to attorney-client privilege, attorney work product, joint defense privilege, or otherwise be confidential. If you are not the intended beneficiary, please notify the sender and delete this email. IMPORTANT DISCLOSURES AND TERMS & CONDITIONS ARE CONTAINED ON OUR FIRM WEBSITE AT WWW.ROBLGROUP.COM AND GOVERN OUR RELATIONSHIP WITH CLIENTS.

**From:** Rosemary Armstrong <rarmstrong@armstrongnix.com>
**Sent:** Tuesday, October 10, 2023 11:23 AM
**To:** Mike Robl <michael@roblgroup.com>
**Cc:** Jay Burton <JBurton@armstrongnix.com>
**Subject:** stipulations

Dear Mike,

Prior to my clients incurring hundreds, if not over a thousand dollars, in costs associated with copying costs for the exhibits that must be submitted tomorrow, please get back to me regarding the proposed stipulated facts. Additionally, please let me know if you will stipulate to allowing any out of state creditor to appear remotely to give testimony at the hearing.

Regards,

Rosemary

Rosemary S. Armstrong
Armstrong Nix, P.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
(404)900-5157