**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 23-55019-LRC |
| BINANAT CAPITAL, LLC, | ) | |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF CLAIMS AGAINST ARINAT HOLDINGS, LLC, SINDRE, LLC, PV CAPITAL, LLC AND ROBERT STORM**

Kathleen Steil as Chapter 7 Trustee ("Trustee" and/or "BinaNat Trustee"), by and through counsel of record, files the *Trustee's Motion for Approval of Compromise and Settlement of Claims Against Arinat Holdings, LLC, Sindre, LLC PV Capital, LLC and Robert Storm* (the "Settlement Motion") and respectfully shows this Honorable Court the following:

## I. BACKGROUND

1.

The Involuntary Petition for Chapter 7 Bankruptcy relief was filed by several creditors of BinaNat Capital, LLC (the "Debtor" and/or "BinaNat") on or about May 31, 2023 (the "Petition Date") thereby initiating Bankruptcy Case No. 23-55019-LRC (the "BinaNat Bankruptcy Case")(Docket No. 1). The *Order for Relief in Involuntary Case* (Docket No. 38) ("Order for Relief") was entered on September 22, 2023. Notice of Appointment of Kathleen Steil as the Interim Chapter 7 Trustee was entered on September 29, 2023 (Docket No. 44). The 11 U.S.C. §341 Meeting of Creditors was concluded on December 8, 2023. Kathleen Steil is the duly appointed and acting Trustee for the Debtor's Chapter 7 Bankruptcy Estate (the "Estate").

2.

The Involuntary Petition for Chapter 7 Bankruptcy relief was filed by several creditors of Robert Storm ("Mr. Storm") on or about May 31, 2023 (the "Storm Petition Date") thereby initiating Bankruptcy Case No. 23-55028-LRC (the "Storm Bankruptcy Case")(Storm Bankruptcy; Docket No. 1). The *Order for Relief in Involuntary Case* ("Storm Order for Relief") was entered on July 14, 2023 (Storm Bankruptcy; Docket No. 16). Notice of Appointment of Jason Pettie as the Interim Chapter 7 Trustee for the Estate of Robert Storm was entered on July 19, 2023 (Storm Bankruptcy; Docket No. 18). The 11 U.S.C. §341 Meeting of Creditors in the Storm Bankruptcy Case was concluded on September 14, 2023. Jason Pettie is the duly appointed Chapter 7 Trustee in the Storm Bankruptcy Case (the "Storm Trustee").

3.

BinaNat was operated and managed by its principal and sole member Mr. Storm.

4.

As of the date of filing of the Involuntary Petition in the Storm Bankruptcy Case, Mr. Storm held a one hundred percent (100%) ownership interest in BinaNat, Arinat Holdings, LLC ("Arinat"), Sindre, LLC ("Sindre") and PV Capital, LLC ("PVC").

5.

On June 4, 2024 the BinaNat Trustee and Storm Trustee filed their *Chapter 7 Trustees' Joint Emergency Motion for Authorization to Release Liens and Hold Sale Proceeds Subject to Future Bankruptcy Court Order* ("Trustees' Joint Motion") in both the BinaNat Bankruptcy Case (Docket No. 93) and Storm Bankruptcy Case (Storm Bankruptcy, Docket No. 134), requesting authorization for the BinaNat Trustee to retain proceeds from the sale of certain lots located in the

Hunts Mill subdivision in Griffin, Georgia by Arinat and Sindre subject to future Bankruptcy Court Order.

6.

Arinat and Sindre, including Mr. Storm as principal of Arinat and Sindre, asserted certain defenses to the Trustees' Joint Motion.

7.

Upon information and belief, the Storm Trustee was investigating, *inter alia*, Mr. Storm's interest in Arinat, Sindre and PV Capital (collectively, "The Storm Defendants").

8

On June 14, 2024, the Bankruptcy Court entered the *Order Granting Chapter 7 Trustees' Joint Emergency Motion for Authorization to Release Liens and Hold Sale Proceeds Subject to Future Bankruptcy Court Order* (Docket No. 101) in the BinaNat Bankruptcy Case.

9.

On June 14, 2024, the Bankruptcy Court entered the *Order Granting Chapter 7 Trustees' Joint Emergency Motion for Authorization to Release Liens and Hold Sale Proceeds Subject to Future Bankruptcy Court Order* (Storm Bankruptcy, Docket No. 139) in the Storm Bankruptcy Case.

10.

On or about September 19, 2025, the BinaNat Trustee filed an adversary proceeding against several Defendants, including the Storm Defendants, which adversary proceeding was docketed and remains pending in the Bankruptcy Court as Adversary Proceeding No. 25-05172-LRC (the "Litigation")(Adv. Docket No. 1). In the Litigation, the Trustee demanded, *inter alia*, that the Storm Defendants were recipients of preferential and/or fraudulent conveyances and that they do

not have a claim to or lien upon the following: The Total Funds, the Horizon Funds, Arinat Proceeds, Sindre Net Proceeds and Broad Street Proceeds.[1]

11.

As set forth in the Litigation the BinaNat Trustee is currently holding the net proceeds from the sale of Hunts Mill Lots 12, 13 and 14 in the amount of $85,483.60 ("Sindre Net Proceeds").

12.

As set forth in the Litigation the Trustee is currently holding the net proceeds from the sale of Hunts Mill Lots 3, 8, 22 and 25 in the amount of $117,481.19 ("Arinat Proceeds").

13.

On September 17, 2025, the Storm Trustee filed his Trustee's Notice of Abandonment of Property including the Debtor's interest in the Storm Defendants (the "Storm Abandonment") (Storm Bankruptcy, Docket No. 193).

14.

On December 4, 2025, the Bankruptcy Court overruled an objection to the Storm Abandonment (Storm Bankruptcy, Docket No. 214). Upon information and belief, the Storm Defendants are ordered abandoned.

15.

The BinaNat Trustee filed the placeholder Proof of Claim No. 59-1 in an unknown amount in the Storm Bankruptcy Case while she conducted her statutory investigation. The BinaNat Trustee does not anticipate a distribution in the Storm Bankruptcy Case. Mr. Storm is not listed as an individual Defendant in the Litigation.

---

[1] As those terms are defined in the Adversary Complaint (Case No. 25-05172-LRC) and the Settlement Agreement and Mutual Release attached hereto, and incorporated herein by reference, as Exhibit A.

## II. SETTLEMENT AGREEMENT

16.

The Storm Defendants denied liability and asserted defenses to the claims set forth in the Litigation.

17.

The Trustee seeks authority to enter into and execute the Settlement Agreement and Mutual Release (the "Settlement Agreement"), which is attached hereto and incorporated herein by reference as **Exhibit A**, and to take any other necessary steps to consummate the compromises set forth in the Settlement Agreement between the Estate and the Settling Entities to compromise and settle all of the claims and disputes raised in the Litigation and as it relates to the Trustees' Joint Motion.

18.

The Trustee proposes to compromise the Estate's claims against the Settling Entities upon the terms and conditions presented in the Settlement Agreement. Pursuant to the Settlement Agreement, the Settling Entities propose, among other things, to settle disputes raised in the Litigation (Adversary Proceeding 25-05172-LRC) and as it relates to the Trustees' Joint Motion:

a. The Settling Entities, including Mr. Storm in his limited capacity as principal of the Storm Defendants, do not have and will not assert any claim(s), liens upon, and/or interest in any of the funds collected by the BinaNat Trustee in the Binanat Bankruptcy Case, including the: Total Funds, Horizon Funds, Arinat Proceeds, Sindre Net Proceeds and Broad Street Proceeds (as those terms are defined in the Litigation);

b. The Settling Entities, including Mr. Storm in his limited capacity as principal of the Storm Defendants, withdraw and release their opposition to the Trustees' Joint Motion;

c. The Settling Entities, including Mr. Storm in his limited capacity as principal of the Storm Defendants, are not entitled to any distribution in the BinaNat Bankruptcy Case, including as a general unsecured creditor.

d. The Settling Entities, including Mr. Storm in his limited capacity as principal of the Storm Defendants, waive their rights to file any proof of claim in the BinaNat Bankruptcy Case.

e. To the extent the BinaNat Estate had a purported claim against Mr. Storm, who is in Chapter 7 Bankruptcy, the BinaNat Trustee agrees to withdraw the BinaNat Estates's Proof of Claim No. 59 filed in the Storm Bankruptcy Case and waives the right to file a claim in the Storm Bankruptcy Case.

f. Within thirty (30) business days after court approval of the Settlement Agreement, the Settling Entities and the Trustee shall execute a Stipulation of Dismissal with prejudice in the Litigation.

19.

On August 25, 2026 Mr. Storm, by and through counsel, also filed his *Motion to Approve Compromise Agreement* and *Notice of Motion to Approve Compromise Agreement, Deadline to Object, and Hearing* (Storm Bankruptcy; Docket No. 226) seeking approval of the Settlement Agreement with the BinaNat Estate (Storm Bankruptcy; Docket No. 226).

**II. LEGAL STANDARDS**

20.

The standards of approving or disapproving a settlement are the factors set forth in *Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F2d 1544, 1549 (11 Cir. 1990), cert. denied, 498 U.S. 959 (1990).

21.

Justice Oaks requires that the Court consider (1) the probability of success in the litigation;(2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) deference to the reasonable views of creditors.

22.

The Trustee believes that the Settlement Agreement is in the best interests of the creditors. The Settlement Agreement between the Trustee and the Settling Entities results in the resolution of disputed claims in an expeditious and economical manner, without the need for further litigation and the attendant costs and risks. In view of the defenses asserted, and the uncertainty that generally accompanies all litigation, the Trustee believes that the Settlement Agreement with the Settling Entities should be approved by this Court.

23.

Under the standard set forth above and for the reasons previously detailed herein, the Trustee believes the Court should approve this Motion.

WHEREFORE, Trustee prays that this Honorable Court enter an order:

1. Approving this Motion, including the proposed compromise and settlement as set out above and in the Settlement Agreement attached hereto;

2. Authorizing the Trustee to enter into the Settlement Agreement and all other documents necessary to effectuate the compromise and settlement referenced herein; and

3. Grant such other and further relief as this Court deems just and proper.

OGIER, ROSENFELD & STEIL, P.C.

By: /s/ *Kathleen Steil*
Kathleen Steil
Georgia Bar No. 598895
*Counsel for Chapter 7 Trustee and*
*Chapter 7 Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orsatl.com

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "**Agreement**") is made and entered into as of the date the Agreement is fully executed, by and between Kathleen Steil in her capacity as Chapter 7 Trustee for the Estate of Binanat Capital, LLC, Case No. 23-55019-LRC (the "**Trustee**" and/or "**Plaintiff**") and Arinat Holdings, LLC ("**Arinat**"), Sindre, LLC ("**Sindre**"), PV Capital, LLC ("**PVC**")(collectively referred to as the "**Storm Defendants**") and with Robret Storm ("**Mr. Storm**") in a limited capacity.

## RECITALS

**WHEREAS**, the Involuntary Petition for Chapter 7 Bankruptcy relief was filed by several creditors of Binanat Capital, LLC (the "**Debtor**" and/or "**Binanat**") on or about May 31, 2023, thereby initiating Bankruptcy Case No. 23-55019-LRC (the "**Binanat Bankruptcy Case**")(Docket No. 1).

**WHEREAS**, the *Order for Relief in Involuntary Case* ("**Order for Relief**") was entered on September 22, 2023 in the Binanat Bankruptcy Case (Docket No. 38);

**WHEREAS**, *Notice of Appointment* of Kathleen Steil as the Interim Chapter 7 Trustee for the Bankruptcy Estate of Binanat Capital, LLC was entered on September 29, 2023 (Docket No. 44) and the 11 U.S.C. §341 Meeting of creditors was concluded on December 8, 2023;

**WHEREAS,** the Trustee is the duly appointed and acting Trustee for the Debtor's Chapter 7 Bankruptcy Estate (the "**Estate**") in the Binanat Bankruptcy Case;

**WHEREAS**, The Involuntary Petition for Chapter 7 Bankruptcy Relief was filed by several creditors of Mr. Storm on or about May 31, 2023, thereby initiating Bankruptcy Case No. 23-55028-LRC (the "**Storm Bankruptcy Case**") (Storm Bankruptcy; Docket No. 1).

**WHEREAS,** the *Order for Relief in Involuntary Case* ("**Storm Order for Relief**") was entered on July 14, 2023 in the Storm Bankruptcy Case (Storm Bankruptcy; Docket No. 16).

**WHEREAS**, *Notice of Appointment* of Jason Pettie as the Interim Chapter 7 Trustee for the Estate of Robert Storm was entered on July 18, 2023 ("**Storm Trustee**")(Storm Bankruptcy; Docket No. 18) and the 11 U.S.C. §341 Meeting of creditors was concluded on September 14, 2023.

**WHEREAS**, Binanat Capital, LLC was operated and managed by its principal and sole member Mr. Storm;

**WHEREAS**, as of the date of filing of the Involuntary Petition in the Storm Bankruptcy Case, Mr. Storm held a one hundred percent (100%) ownership interest in the Storm Defendants.

**WHEREAS**, on June 4, 2024 the Trustee and Storm Trustee filed their *Chapter 7 Trustees' Joint Emergency Motion for Authorization to Release Liens and Hold Sale Proceeds Subject to*

*Future Bankruptcy Court Order* ("**Trustees' Joint Motion**") in both the Binanat Bankruptcy Case (Docket No. 93) and Storm Bankruptcy Case (Storm Bankruptcy, Docket No. 134), requesting authorization for the Trustee to retain proceeds from the sale of certain lots located in the Hunts Mill subdivision in Griffin, Georgia by Arinat and Sindre subject to future Bankruptcy Court Order.

**WHEREAS**, the Storm Defendants Arinat and Sindre, including Mr. Storm as principal of Arinat and Sindre, asserted certain defenses to the Trustees' Joint Motion;

**WHEREAS**, upon information and belief the Storm Trustee was investigating Mr. Storm's interest in the Storm Defendants.

**WHEREAS**, on June 14, 2024, the Bankruptcy Court entered the *Order Granting Chapter 7 Trustees' Joint Emergency Motion for Authorization to Release Liens and Hold Sale Proceeds Subject to Future Bankruptcy Court Order* (Docket No. 101) in the Binanat Bankruptcy Case.

**WHEREAS**, on 14, 2024, the Bankruptcy Court entered the *Order Granting Chapter 7 Trustees' Joint Emergency Motion for Authorization to Release Liens and Hold Sale Proceeds Subject to Future Bankruptcy Court Order* (Storm Bankruptcy, Docket No. 139) in the Storm Bankruptcy Case.

**WHEREAS**, on or about September 19, 2025, the Trustee filed an adversary proceeding against several Defendants, including the Storm Defendants, which adversary proceeding was docketed and remains pending in the Bankruptcy Court as Adversary Proceeding No. 25-05172-LRC (the "**Litigation**") (Adv. Docket No. 1). In the Litigation the Trustee demanded, *inter alia,* that the storm Defendants were recipients of preferential and/or fraudulent conveyances and that they do not have a claim to or lien upon the following (Capitalized terms defined below): the Total Funds, the Horizon Funds, Arinat Proceeds, Sindre Net Proceeds and Broad Street Proceeds.

**WHEREAS**, as set forth in the Litigation the Trustee is currently holding the net proceeds from the sale of Hunts Mill Lots 12, 13 and 14 in the amount of $85,483.60 ("**Sindre Net Proceeds**")

**WHEREAS**, as set forth in the Litigation the Trustee is currently holding the net proceeds from the sale of Hunts Mill Lots 3, 8, 22 and 25 in the amount of $117,481.19 ("**Arinat Proceeds**").

**WHEREAS**, on September 17, 2025, the Storm Trustee filed his Trustee's Notice of Abandonment of Property including the Debtor's interest in the Storm Defendants (the "**Storm Abandonment**") (Storm Bankruptcy, Docket No. 193).

**WHEREAS**, on December 4, 2025, the Bankruptcy Court overruled an objection to the Storm Abandonment (Storm Bankruptcy, Docket No. 214). Upon information and belief, the Storm Defendants are ordered abandoned.

**WHEREAS,** the Trustee filed the placeholder Proof of Claim No. 59-1 in an unknown amount in the Storm Bankruptcy Case while she conducted her statutory investigation. The Trustee does not anticipate a distribution in the Storm Bankruptcy Case. Mr. Storm is not listed as an individual Defendant in the Litigation.

**WHEREAS** the Storm Defendants deny liability and asserted defenses to the claims set forth in the Litigation; and

**WHEREAS**, the Trustee and Storm Defendant (the "**Parties**"), including Mr. Storm in his capacity as principal of the Storm Defendants, on the terms and conditions contained herein, desire to compromise and settle all of the claims and disputes raised in the Litigation and as it relates to the Trustees' Joint Motion.

**NOW, THEREFORE,** in consideration of the foregoing Recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed by the Parties as follows:

**SETTLEMENT TERMS**

1. **Recitals.** Each and every fact set forth above is an integral part of this Agreement and are incorporated herein by this reference as though set forth in full.

2. **Funds Collected by the Trustee:**

    a. The Storm Defendants, including Mr. Storm in his limited capacity as principal of the Storm Defendants, do not have and will not assert any claim(s), liens upon, and/ or interest in any of the funds collected by the Trustee in the Binanat Bankruptcy Case, including the: Total Funds, Horizon Funds, Arinat Proceeds, Sindre Net Proceeds and Broad Street Proceeds (as those terms are defined in the Litigation);
    b. The Storm Defendants, including Mr. Storm in his limited capacity as principal of the Storm Defendants, withdraw and release their opposition to the Trustees' Joint Motion;
    c. The Storm Defendants, including Mr. Storm in his limited capacity as principal of the Storm Defendants, are not entitled to any distribution in the Binanat Bankruptcy Case, including as a general unsecured creditor;
    d. The Storm Defendants, including Mr. Storm in his limited capacity as principal of the Storm Defendants, waive their rights to file any proof of claim in the Binanat Bankruptcy Case.

3. **Dismissal of Litigation**: Within thirty (30) business days after the date of Court approval of this proposed agreement or within fifteen (15) business days of the Trustee's receipt of the Settlement Amount, whichever is later, or within such other later time as the Parties may agree in writing, the Trustee and the Storm Defendants shall each deliver to the other

a Stipulation of Dismissal ("Stipulation") with prejudice, executed by counsel for the Parties and providing for the dismissal with prejudice of the Litigation as to the Storm Defendants only. Upon the execution and delivery of the Stipulation, the Trustee and Storm Defendants shall promptly file the Stipulation with the Bankruptcy Court for entry in the Litigation

4. **Release of Storm Defendants:** Other than claims arising from this Settlement Agreement, the Trustee, for herself as Trustee, and on behalf of the Estate, hereby releases, acquits and forever discharges Storm Defendant, including Mr. Storm in his limited capacity as the principal of the Storm Defendants, from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, which the Trustee and/or the Estate may have, or claim to have, now against the Storm Defendant which arise out of, relate to, or are connected with any of the claims asserted by the Trustee against Storm Defendant in the Litigation

5. **Limited Release as to Mr. Storm:** To the extent the Estate had a purported claim against Mr. Storm individually, who is in a Chapter7 Bankruptcy and subject to the automatic stay, the Trustee agrees to withdraw POC 59 and waives the right to file a claim in the Storm Bankruptcy Case.

6. **Release of the Trustee and the Debtor's Estate:** The Storm Defendants do hereby release, acquit, and forever discharge the Trustee (as trustee) and the Debtor's Chapter 7 Estate, and each and every past and present principal, agent, servant, employee, representative and attorney for the Trustee of the Estate, from any and all claims which it may have, or claim to have now, against the Trustee (as trustee), or the Estate, or which may hereafter arise out of, relate to, or be connected with any act of commission or omission of the Debtor, the Trustee and/or the Estate existing or occurring prior to the date of this Agreement. The release contained in this paragraph shall include the release and waiver of Storm Defendant's right, if any, to file a claim pursuant to section 502(h) of the Bankruptcy Code.

7. **Best Efforts to Effectuate this Agreement**. Each Party agrees to use best efforts to effectuate the terms of this Agreement.

8. **No Admission of Liability or Wrongdoing**. It is understood and agreed that this Agreement is being made in connection with the settlement and compromise of disputed claims and that such settlement is not to be construed as an admission or concession of liability by any Party.

9. **Joint Authorship.** This Agreement is the product of the negotiation of all of the Parties. By agreement of the Parties, this Agreement shall be deemed to have been drafted jointly by the Parties, and any ambiguity in this Agreement shall not be construed for or against any party by virtue of the identity of any drafter.

10. **Waiver.** No waiver of any breach of any one or more of the conditions or covenants of this Agreement by any Party shall be deemed to imply or constitute a waiver of any breach

of any other condition or covenant in this Agreement, or a waiver of a breach of the same condition or covenant in the future.

11. **Authority and Binding Effect.** By their signatures below, each respective signatory represents that he or she has the express authority of the Party for which he or she executes this Agreement, and further has the express authority to bind his or her principals to the terms of this Agreement. Each Party represents that it is the sole and current owner of all of the claims released by this Agreement. This Agreement shall be binding upon the Parties and their successors and assigns, and, as to the Trustee, any successor trustee(s) appointed.

12. **Entire Agreement.** This Agreement, and the documents referred to herein, contain the entire understanding of the Parties with respect to the subject matter hereof and there have been no representations, warranties, statements, or promises, express or implied, upon which any Party hereto has relied except as specifically provided in this Agreement.

13. **Amendments or Modifications of this Agreement.** This Agreement may not be amended, modified, or changed, nor shall any waiver of any provision hereof be effective, except by an instrument in writing and signed by all of the Parties and approved by the United States Bankruptcy Court.

14. **Counterparts.** This Agreement may be executed in separate counterparts, including by a "PDF" thereof or by facsimile, with the same effect as if all Parties to this Agreement had signed the same instrument.

15. **Severability.** The Parties agree that, if any single immaterial section or provision of this Agreement should be found unenforceable, it shall be severed and the remaining sections and provisions shall be enforced in accordance with the terms of this Agreement.

16. **Consent.** The Parties represent that they have read this Agreement and that they have had an opportunity to consult with counsel, if they chose, regarding the meaning and effect of this Agreement. The parties further represent that they understand and agree to the terms and conditions of this Agreement and sign it freely of their own will.

17. **Sections and Headings**. The headings and captions used in this Agreement and the organization of the provisions of this Agreement into separate sections are for the purposes of information, ease of reference, and convenience only, and do not themselves limit, expand, construe, or modify the contents of any provision hereof or of the mutual intents hereby expressed.

18. **Governing Law**. This Agreement is to be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Georgia.

19. **Jurisdiction**. Any dispute, action or proceeding arising out of or relating to this Agreement shall be within the jurisdiction of the Bankruptcy Court.

20. **Covenants Not to Sue**: Other than claims arising from this Settlement Agreement, the Trustee and Storm Defendant, including Mr. Storm in his limited capacity as principal of

the Storm Defendants, mutually covenant that they will not sue, sue further, or otherwise prosecute in any way any person or entity herein above released with respect to any and every Claim released in this Agreement.

21. **No Prior Transfer**: The Parties hereby mutually represent and warrant that there has been no assignment, sale or other transfer or disposition of any interest in any of the claims hereinbefore released and forever discharged.

22. **Required Court Approval**: Upon the execution and delivery of this Agreement, the Trustee shall promptly move the Bankruptcy Court in both the Binanat Bankruptcy Case and the Storm Bankruptcy Cases for the entry of an order (the "Approval Orders") approving this Agreement and the compromise and settlement provided for herein pursuant to Bankruptcy Rule 9019. A Motion pursuant to Bankruptcy Rule 9019 is necessary in the Storm Bankruptcy Case to the extent this settlement pertains to Mr. Storm in his individual capacity. The Parties to this Agreement agree to use their best efforts to obtain the entry of the Approval Orders. Unless otherwise agreed in writing between the Parties, this Agreement and the obligations of the Parties hereto are in all respects contingent upon the Approval Orders becoming a Final Order. For purposes of this Agreement, "Final Order" shall mean an order or judgment of the Bankruptcy Court as entered on its docket that has not been reversed, stayed pursuant to Bankruptcy Rule 8005, or any other applicable rule of civil or appellate procedure, modified or amended, and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing was timely filed, or as to which any right to appeal, petition for certiorari or seek reargument or rehearing has been waived in writing in a manner satisfactory to the Parties, or if a notice of appeal, petition for certiorari, or motion for reargument or rehearing was timely filed, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order or judgment was appealed or from which the reargument or rehearing was sought, or a certiorari has been denied, and the time to file any further appeal or to petition for certiorari or to seek further reargument has expired.

23. **Assignment, Predecessors, Successors and Assigns**: This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns.

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Agreement, as of the date indicated below.

SIGNATURES CONTINUED ON NEXT PAGE
REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

ARINAT HOLDINGS, LLC

Date: ____________

______________________________
By: ________________________
Its: __________________________

SINDRE, LLC

Date: ____________

______________________________
By: ________________________
Its: __________________________

PV CAPITAL, LLC

Date: ____________

______________________________
By: ________________________
Its: __________________________

KATHLEEN STEIL, AS AND ONLY AS
CHAPTER 7 TRUSTEE

Date: 7/16/26

By: ________________________
Kathleen Steil only in her capacity as Chapter 7 Trustee
for Binanat Capital, LLC, Case No. 23-55019-LRC

Date: ____________

By: ________________________
Robert Storm

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 23-55019-LRC |
| BINANAT CAPITAL, LLC, | ) | |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |
| | ) | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING**

**PLEASE TAKE NOTICE** that Kathleen Steil as Chapter 7 Trustee for the bankruptcy estate of Binanat Capital (the "Trustee") has filed a *Trustee's Motion for Approval of Compromise and Settlement of Claims Against Arinat Holdings, LLC, Sindre, LLC PV Capital, LLC and Robert Storm* ("Motion"). In the Motion, the Trustee seeks to compromise the Estate's claims against Arinat Holdings, LLC, Sindre, LLC PV Capital, LLC and Robert Storm upon the terms and conditions presented in the Settlement Agreement attached to the Motion as Exhibit A.

Pursuant to Fifth Amended and Restated General Order no. 24-2018, the Court may consider this matter without further notice of a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at United States Bankruptcy Court, Room 1340, 75 Ted Turner Drive, SW, Atlanta, GA 30303, and serve a copy on the movant's attorney, Ogier, Rosenfeld & Steil, P.C., P.O. Box 1547, Decatur, Georgia, 30031-1547, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **September 30, 2026.** The Court will hold a hearing on the Motion at **9:45 A.M.** on **September 30, 2026**, in Courtroom **1204**, U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, which must be attended in person, unless the Court orders otherwise.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

August 28, 2026

OGIER, ROSENFELD & STEIL, P.C.

By: /s/ *Kathleen Steil*
Kathleen Steil
Georgia Bar No. 598895
*Counsel for Chapter 7 Trustee and Chapter 7 Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orsatl.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Trustee's Motion for Approval of Compromise and Settlement of Claims Against Arinat Holdings, LLC, Sindre, LLC PV Capital, LLC and Robert Storm* with *Notice of Pleading, Deadline to Object and for Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Rosemary S. Armstrong** rarmstrong@armstrongnix.com
- **Maxwell William Bowen** max@roblgroup.com
- **Joseph J. Burton** jburton@armstrongnix.com
- **Jon A. Gottlieb** jong@lawfg.com, stellac@lawfg.com
- **Brian Linkowski** brian.linkowski@fnf.com, ticci.wilson@fnf.com
- **Riley Bowden Liu** rliu@brawwlaw.com
- **Jacob A. Maurer** jmaurer@brawwlaw.com, cbastos@brawwlaw.com
- **Office of the United States Trustee** ustpregion21.at.ecf@usdoj.gov
- **Michael D. Robl** michael@roblgroup.com, max@roblgroup.com,dbridges@roblgroup.com
- **Kenneth Shapiro** ken@mitchellshapiro.com, frank@mitchellshapiro.com
- **Robert D. Wildstein** rwildstein@brawwlaw.com

I further certify that on this day I caused a copy of this document to be served via U.S. Mail by depositing the same in the United States Mail, postage prepaid and addressed to the following:

Arinat Holdings, LLC
c/o Robert Storm, Member
94 Rosehill Court
St. Augustine, FL 32092

Sindre, LLC
c/o Robert Storm, Member
94 Rosehill Court
St. Augustine, FL 32092

The Koehler Family Trust
c/o Gwen Fleming, Trustee/Executor
24804 S. Lakestar Drive
Sun Lakes, AZ 85248

Douglas Lee Wyatt
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

John Douglas Wyatt
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Andre M. Jones
4000 Emerald Springs Place
Louisville, KY 40245

Andre M. Jones
4601 Steep Ridge Ct
Louisville, KY 40299

AMJ Solutions, LLC
c/o Andre M. Jones, Member
4601 Steep Ridge Ct
Louisville, KY 40299

AMJ Solutions, LLC
c/o Andre M. Jones, Member
4000 Emerald Springs Place
Louisville, KY 40245

AMJ Solutions, LLC
c/o Andre M. Jones, Registered Agent
1622 Crossridge Lane
Louisville, KY 40222

MWP Real Estate Investments, LLC
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

MWP Financial, LLC
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Matt Wayne Puskarich a/k/a Wayne Puskarich
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Joel R. Goldsmith
55 Kendrick Harvest Way
Chatham, MA 02633
Mashala Investments, LLC
c/o Jon A. Gottlieb, Flynn & Gottlieb, P.A.
800 Johnson Ferry Road
Atlanta, GA 30342-1417

PV Capital, LLC
c/o Robert Storm, Member
94 Rosehill Court
St. Augustine, FL 32092

Lafer Family Investments, LLC
c/o Victor Moldovan, Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602

Lafer Family Investment, LLC
c/o Thomas Rosseland, Esq.
Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C.
3490 Piedmont Road, Suite 1400
Atlanta, GA 30305

Debra Siples
P.O. Box 411
Fairplay, CO 80440

Debra Siples
c/o Thomas Rosseland, Esq.
Bodker, Ramsey, Andrews, Winograd & Wildstein P.C.
3490 Piedmont Road, Suite 1400
Atlanta, GA 30305

Jonathan Brett Bahnsen
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Brett Bahnsen Revocable Living Trust July 11, 2018
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Craig Barrett
4695 Egypt Road
Canandaigua, NY 14424

Craig Barrett
c/o Kenneth A. Shapiro, Esq.
Mitchell, Shapiro, Greenamyre & Funt LLP
881 Piedmont Ave
Atlanta GA 30309

Nicholas P. Bodin
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Richard Svensson
c/o Robert D Wilcox, Wilcox Law Firm
1301 Riverplace Blvd, Suite 800
Jacksonville, FL 32207

Robert A. Holton, Jr.
1221 Cathy Tripp Lane
Jacksonville, FL 32220

Robert A. Holton, Jr.
3017 Jones Rd
Jacksonville, FL 32220-2804

Robert Storm
c/o Maxwell William Bowen
Robl & Bowen, LLC
3754 Lavista Road, Suite 250
Tucker, GA 30084

Jason L. Pettie
Gordon and Pettie, LLC
1600 Parkwood Circle SW, Suite 500
Atlanta, GA 30339

August 28, 2026

OGIER, ROSENFELD & STEIL, P.C.

By: /s/ *Kathleen Steil*
Kathleen Steil
Georgia Bar No. 598895
*Counsel for Chapter 7 Trustee and*
*Chapter 7 Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orsatl.com