**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 23-55019-LRC |
| BINANAT CAPITAL, LLC, | ) | |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR APPROVAL OF**
**COMPROMISE AND SETTLEMENT OF CLAIMS AGAINST RICHARD SVENSSON**

Kathleen Steil as Chapter 7 Trustee ("Trustee"), by and through counsel of record, files *Trustee's Motion for Approval of Compromise and Settlement of Claim Against Richard Svensson* (the "Settlement Motion") and respectfully shows this Honorable Court the following:

## I. BACKGROUND

1.

The Involuntary Petition for Chapter 7 Bankruptcy relief was filed by several creditors of BinaNat Capital, LLC (the "Debtor" and/or "BinaNat") on or about May 31, 2023 (the "Petition Date") thereby initiating Bankruptcy Case No. 23-55019-LRC (the "BinaNat Bankruptcy Case")(Docket No. 1). The *Order for Relief in Involuntary Case* (Docket No. 38) ("Order for Relief") was entered on September 22, 2023. Notice of Appointment of Kathleen Steil as the Interim Chapter 7 Trustee was entered on September 29, 2023 (Docket No. 44). The 11 U.S.C. §341 Meeting of Creditors was concluded on December 8, 2023. Kathleen Steil is the duly appointed and acting Trustee for the Debtor's Chapter 7 Bankruptcy Estate (the "Estate").

2.

On or about September 19, 2025, the Trustee filed an adversary proceeding against several Defendants, including Richard Svensson ("Svensson"), which adversary proceeding was docketed and remains pending in the Bankruptcy Court as Adversary Proceeding No. 25-05172-LRC (the "Litigation")(Adv. Docket No. 1). In the Litigation the Trustee alleged, *inter alia*, that the Svensson Judgment (as that term is defined in the Litigation[1]) did not constitute a perfected lien and did not attach to the Broad Street Property, the Judicial Foreclosure Action, the Broad Street Proceeds, Total Funds (as those terms are defined in the Litigation) or any other funds collected in the Binanat Bankruptcy Case. The Svensson Judgment is attached to the Complaint as Exhibit 4.

## II. SETTLEMENT AGREEMENT

3.

Defendant Svensson denied liability and asserted defenses to the claims set forth in the Litigation.

4.

The Trustee and Svensson have entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") subject to and contingent upon Bankruptcy Court approval. A copy of the Settlement Agreement is attached hereto, and incorporated herein by reference, as **Exhibit A.** The Significant terms of the Settlement Agreement are as follows:[2]

[1] Upon information and belief, the Svensson Judgment was in the principal amount of $425,799.66 plus interest. *See* Exhibit 4 to Litigation.
[2] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

a. Svensson consents and agrees that he does not have a claim to or lien upon the Broad Street Property, the Judicial Foreclosure Action, the Broad Street Proceeds, Total Funds (as those terms are defined in the Litigation) or any other funds collected in the Binanat Bankruptcy Case, except as a general unsecured creditor;

b. Svensson shall have 30 days from the date of entry of the order approving the Settlement Agreement to file his general unsecured claim in the Binanat Bankruptcy Case for the amount of the Svensson Judgment (the "General Unsecured Claim") and the General Unsecured Claim shall be treated as timely;

c. The Trustee shall not object to the General Unsecured Claim.

d. Within thirty (30) business days after the date of Court approval of the Settlement Agreement, or within such other later time as the Parties may agree in writing, the Trustee and Svensson shall each delivery to the other a Stipulation of Dismissal (the "Stipulation") with prejudice of the Litigation as to Svensson only. Upon the execution and delivery of the Stipulation, the Trustee and Svensson shall promptly file the Stipulation with the Bankruptcy Court for entry in the Litigation.

## III. LEGAL STANDARDS

6.

The standards of approving or disapproving a settlement are the factors set forth in *Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F2d 1544, 1549 (11 Cir. 1990), cert. denied, 498 U.S. 959 (1990).

7.

Justice Oaks requires that the Court consider (1) the probability of success in the litigation;(2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation

involved, and the expense, inconvenience and delay necessarily attending it; and (4) deference to the reasonable views of creditors.

8.

The Trustee believes that the Settlement Agreement is in the best interests of the creditors. The Settlement Agreement between the Trustee and Svensson results in the resolution of disputed claims in an expeditious and economical manner, without the need for further litigation and the attendant costs and risks. In view of the defenses asserted, and the uncertainty that generally accompanies all litigation, the Trustee believes that the Settlement Agreement with Svensson should be approved by this Court.

9.

Under the standard set forth above and for the reasons previously detailed herein, the Trustee believes the Court should approve this Settlement Motion.

WHEREFORE, Trustee prays that this Honorable Court enter an order:

1. Approving this Settlement Motion, including the proposed compromise and settlement as set out above and in the Settlement Agreement attached hereto;
2. Authorizing the Trustee to enter into the Settlement Agreement and all other documents necessary to effectuate the compromise and settlement referenced herein; and
3. Granting Svensson thirty (30) days from the date of entry of the Order approving the Settlement Agreement to file his general unsecured claim in the Binanat Bankruptcy Case for the amount of the Svensson Judgment;
4. Grant such other and further relief as this Court deems just and proper.

OGIER, ROSENFELD & STEIL, P.C.

By: */s/ Kathleen Steil*

Kathleen Steil
Georgia Bar No. 598895
*Counsel for Trustee/Plaintiff and Chapter 7 Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orsatl.com

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "**Agreement**") is made and entered into as of the date the Agreement is fully executed, by and between Kathleen Steil in her capacity as Chapter 7 Trustee for the Estate of Binanat Capital, LLC, Case No. 23-55019-LRC (the "**Trustee**" and/or "**Plaintiff**") and Richard Svensson ("**Svensson**").

## RECITALS

**WHEREAS**, the Involuntary Petition for Chapter 7 Bankruptcy relief was filed by several creditors of Binanat Capital, LLC (the "**Debtor**" and/or "**Binanat**") on or about May 31, 2023, thereby initiating Bankruptcy Case No. 23-55019-LRC (the "**Binanat Bankruptcy Case**")(Docket No. 1).

**WHEREAS**, the *Order for Relief in Involuntary Case* ("**Order for Relief**") was entered on September 22, 2023 in the Binanat Bankruptcy Case (Docket No. 38);

**WHEREAS**, *Notice of Appointment* of Kathleen Steil as the Interim Chapter 7 Trustee for the Bankruptcy Estate of Binanat Capital, LLC was entered on September 29, 2023 (Docket No. 44) and the 11 U.S.C. §341 Meeting of creditors was concluded on December 8, 2023;

**WHEREAS,** the Trustee is the duly appointed and acting Trustee for the Debtor's Chapter 7 Bankruptcy Estate (the "**Estate**") in the Binanat Bankruptcy Case;

**WHEREAS**, on or about September 19, 2025, the Trustee filed an adversary proceeding against several Defendants, including Svensson, which adversary proceeding was docketed and remains pending in the Bankruptcy Court as Adversary Proceeding No. 25-05172-LRC (the "**Litigation**") (Adv. Docket No. 1). In the Litigation the Trustee alleged, *inter alia*, that the Svensson Judgment (as that term is defined in the Complaint) does not constitute a perfected lien and does not attach to Broad Street Property, the Judicial Foreclosure Action, the Broad Street Proceeds, Total Funds (as those terms are defined in the Complaint) or any other funds collected in the Binanat Bankruptcy Case.

**WHEREAS** Svensson denies liability and asserted defenses to the claims set forth in the Litigation; and

**WHEREAS**, the Trustee and Svensson (the "**Parties**"), on the terms and conditions contained herein, desire to compromise and settle all of the claims and disputes raised in the Litigation.

**NOW, THEREFORE,** in consideration of the foregoing Recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed by the Parties as follows:

1. Svensson consents and agrees that it does not have a claim to or lien upon the Broad Street Property, the Judicial Foreclosure Action, the Broad Street Proceeds, Total Funds (as those terms are defined in the Complaint) or any other funds collected in the Binanat Bankruptcy Case, except as a general unsecured creditor.
2. Svensson shall have 30 days from the date of entry of the order approving the Settlement to file his general unsecured claim in the Binanat Bankruptcy Case for the amount of the Svenson Judgment (the "**General Unsecured Claim**") and the General Unsecured Claim shall be treated as timely.
3. The Trustee shall not object to the General Unsecured Claim.

1. **Dismissal of Litigation**: Within thirty (30) business days after the date of Court approval of this proposed agreement or within such other later time as the Parties may agree in writing, the Trustee and Svensson shall each deliver to the other a Stipulation of Dismissal ("Stipulation") with prejudice, executed by counsel for the Parties and providing for the dismissal with prejudice of the Litigation as to Svensson only. Upon the execution and delivery of the Stipulation, the Trustee and Svensson shall promptly file the Stipulation with the Bankruptcy Court for entry in the Litigation

2. **Release of Defendants:** Other than claims arising from this Settlement Agreement, the Trustee, for herself as Trustee, and on behalf of the Estate, hereby releases, acquits and forever discharges Svensson from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, which the Trustee and/or the Estate may have, or claim to have, now against Svensson.

3. **Release of the Trustee and the Bankruptcy Estate:** Svensson does hereby release, acquit, and forever discharge the Trustee (as trustee) and the Bankruptcy Estate, and each and every past and present principal, agent, servant, employee, representative and attorney for the Trustee of the Estate, from any and all claims other than the General Unsecured Claim which he may have, or claim to have now, against the Trustee (as trustee), or the Estate, or which may hereafter arise out of, relate to, or be connected with any act of commission or omission of the Trustee and/or the Estate existing or occurring prior to the date of this Agreement. Svensson is not releasing the General Unsecured Claim and specifically retains his rights related to it.

4. **Covenants Not to Sue**: Other than claims arising from this Settlement Agreement, the Trustee and Svensson mutually covenant that they will not sue, sue further, or otherwise

prosecute in any way any person or entity herein above released with respect to any and every claim released in this Agreement.

5. **No Prior Transfer**: The Parties hereby mutually represent and warrant that there has been no assignment, sale or other transfer or disposition of any interest in any of the claims hereinbefore released and forever discharged.

6. **Required Court Approval**: Upon the execution and delivery of this Agreement, the Trustee shall promptly move the Bankruptcy Court for the entry of an order (the "Approval Order") in the Bankruptcy Case approving this Agreement and the compromise and settlement provided for herein pursuant to Bankruptcy Rule 9019. The Parties to this Agreement agree to use their best efforts to obtain the entry of the Approval Order. Unless otherwise agreed in writing between the Parties, this Agreement and the obligations of the Parties hereto are in all respects contingent upon the Approval Order becoming a Final Order. For purposes of this Agreement, "Final Order" shall mean an order or judgment of the Bankruptcy Court as entered on its docket that has not been reversed, stayed pursuant to Bankruptcy Rule 8005, or any other applicable rule of civil or appellate procedure, modified or amended, and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing was timely filed, or as to which any right to appeal, petition for certiorari or seek reargument or rehearing has been waived in writing in a manner satisfactory to the Parties, or if a notice of appeal, petition for certiorari, or motion for reargument or rehearing was timely filed, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order or judgment was appealed or from which the reargument or rehearing was sought, or a certiorari has been denied, and the time to file any further appeal or to petition for certiorari or to seek further reargument has expired.

7. **Assignment, Predecessors, Successors and Assigns**: This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns.

8. **No Liability:** The Parties to this Agreement each deny liability to the other. Neither the execution and delivery of this Agreement nor the performance of any matters contemplated hereby or provided for herein hall in any way or manner be construed as an admission of any allegation, fact or liability or any act of wrongdoing. Should this Agreement not be approved by the Bankruptcy Court, or should the Approval Order not become a Final Order, then nothing contained herein shall constitute an admission or be admissible in any subsequent litigation between the Trustee and Svensson.

9. **Construction:** The Parties hereto hereby mutually acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and they have voluntarily executed same. The Parties hereto further hereby mutually acknowledge that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any Party, but rather shall be given a fair and reasonable

interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

10. **Entire Agreement.** This Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein, and this Agreement may not be altered, amended or modified in any respect or particular way whatsoever except by a writing duly executed by each of the Parties hereto.

11. **Counterparts.** This Agreement may be executed in several counterparts, each of which shall be an original, so that that all of which taken together shall constitute one and the same instrument. Furthermore this Agreement may be executed and delivered by facsimile or e-mail and the Parties agree that such facsimile or e-mail execution and delivery shall have the same force and effect as delivery of an original document with original signatures, and that each Party may use such e-mail or facsimile signatures as evidence of the execution and delivery of this Agreement by all Parties to the same extent that an original signature could be used.

12. **Severability.** The Parties agree that, if any single immaterial section or provision of this Agreement should be found unenforceable, it shall be severed and the remaining sections and provisions shall be enforced in accordance with the terms of this Agreement.

13. **Governing Law**. This Agreement is to be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Georgia.

14. **Jurisdiction**. Any dispute, action or proceeding arising out of or relating to this Agreement shall be within the jurisdiction of the Bankruptcy Court.

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Agreement, as of the date indicated below.

SIGNATURES CONTINUED ON NEXT PAGE
REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

KATHLEEN STEIL, AS AND ONLY AS
CHAPTER 7 TRUSTEE

Date: 7/16/26

By: ______________________
Kathleen Steil only in her capacity as Chapter 7 Trustee
for Binanat Capital, LLC, Case No. 23-55019-LRC

Date: 8/4/26

By: ______________________
Richard Svensson

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 23-55019-LRC |
| BINANAT CAPITAL, LLC, | ) | |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |
| | ) | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING**

**PLEASE TAKE NOTICE** that Kathleen Steil as Chapter 7 Trustee for the bankruptcy estate of Binanat Capital, LLC (the "Trustee") has filed a *Trustee's Motion for Approval of Compromise and Settlement of Claims Against Richard Svensson* (the "Settlement Motion"). In the Settlement Motion, the Trustee seeks to compromise the Estate's claims against Richard Svensson upon the terms and conditions presented in the Settlement Agreement attached to the Settlement Motion as Exhibit A.

Pursuant to Fifth Amended and Restated General Order no. 24-2018, the Court may consider this matter without further notice of a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at United States Bankruptcy Court, Room 1340, 75 Ted Turner Drive, SW, Atlanta, GA 30303, and serve a copy on the movant's attorney, Ogier, Rosenfeld & Steil, P.C., P.O. Box 1547, Decatur, Georgia, 30031-1547, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **November 4, 2026.** The Court will hold a hearing on the Settlement Motion at **9:45 A.M.** on **November 4, 2026**, in Courtroom **1204**, U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, which must be attended in person, unless the Court orders otherwise.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

September 17, 2026

OGIER, ROSENFELD & STEIL, P.C.

By: /s/ *Kathleen Steil*
Kathleen Steil
Georgia Bar No. 598895
*Counsel for Chapter 7 Trustee and Chapter 7 Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orsatl.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Trustee's Motion for Approval of Compromise and Settlement of Claims Against Richard Svensson* with *Notice of Pleading, Deadline to Object and for Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Rosemary S. Armstrong** rarmstrong@armstrongnix.com
- **Maxwell William Bowen** max@roblgroup.com
- **Joseph J. Burton** jburton@armstrongnix.com
- **Jon A. Gottlieb** jong@lawfg.com, stellac@lawfg.com
- **Brian Linkowski** brian.linkowski@fnf.com, ticci.wilson@fnf.com
- **Riley Bowden Liu** rliu@brawwlaw.com
- **Jacob A. Maurer** jmaurer@brawwlaw.com, cbastos@brawwlaw.com
- **Office of the United States Trustee** ustpregion21.at.ecf@usdoj.gov
- **Michael D. Robl** michael@roblgroup.com, max@roblgroup.com,dbridges@roblgroup.com
- **Kenneth Shapiro** ken@mitchellshapiro.com, frank@mitchellshapiro.com
- **Robert D. Wildstein** rwildstein@brawwlaw.com

I further certify that on this day I caused a copy of this document to be served via U.S. Mail by depositing the same in the United States Mail, postage prepaid and addressed to the following:

Arinat Holdings, LLC
c/o Robert Storm, Member
94 Rosehill Court
St. Augustine, FL 32092

Sindre, LLC
c/o Robert Storm, Member
94 Rosehill Court
St. Augustine, FL 32092

The Koehler Family Trust
c/o Gwen Fleming, Trustee/Executor
24804 S. Lakestar Drive
Sun Lakes, AZ 85248

Douglas Lee Wyatt
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

John Douglas Wyatt
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Andre M. Jones
4000 Emerald Springs Place
Louisville, KY 40245

Andre M. Jones
4601 Steep Ridge Ct
Louisville, KY 40299

AMJ Solutions, LLC
c/o Andre M. Jones, Member
4601 Steep Ridge Ct
Louisville, KY 40299

AMJ Solutions, LLC
c/o Andre M. Jones, Member
4000 Emerald Springs Place
Louisville, KY 40245

AMJ Solutions, LLC
c/o Andre M. Jones, Registered Agent
1622 Crossridge Lane
Louisville, KY 40222

MWP Real Estate Investments, LLC
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

MWP Financial, LLC
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Matt Wayne Puskarich a/k/a Wayne Puskarich
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Joel R. Goldsmith
55 Kendrick Harvest Way
Chatham, MA 02633

Mashala Investments, LLC
c/o Jon A. Gottlieb, Flynn & Gottlieb, P.A.
800 Johnson Ferry Road
Atlanta, GA 30342-1417

PV Capital, LLC
c/o Robert Storm, Member
94 Rosehill Court
St. Augustine, FL 32092

Lafer Family Investments, LLC
c/o Victor Moldovan, Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602

Lafer Family Investment, LLC
c/o Thomas Rosseland, Esq.
Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C.
3490 Piedmont Road, Suite 1400
Atlanta, GA 30305

Debra Siples
P.O. Box 411
Fairplay, CO 80440

Debra Siples
c/o Thomas Rosseland, Esq.
Bodker, Ramsey, Andrews, Winograd & Wildstein P.C.
3490 Piedmont Road, Suite 1400
Atlanta, GA 30305

Jonathan Brett Bahnsen
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Brett Bahnsen Revocable Living Trust July 11, 2018
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Craig Barrett
4695 Egypt Road
Canandaigua, NY 14424

Craig Barrett
c/o Kenneth A. Shapiro, Esq.
Mitchell, Shapiro, Greenamyre & Funt LLP
881 Piedmont Ave
Atlanta GA 30309

Nicholas P. Bodin
c/o Rosemary S. Armstrong, Armstrong Nix, P.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

Richard Svensson
c/o Robert D Wilcox, Wilcox Law Firm
1301 Riverplace Blvd, Suite 800
Jacksonville, FL 32207

Robert A. Holton, Jr.
1221 Cathy Tripp Lane
Jacksonville, FL 32220

Robert A. Holton, Jr.
3017 Jones Rd
Jacksonville, FL 32220-2804

September 17, 2026

OGIER, ROSENFELD & STEIL, P.C.

By: /s/ *Kathleen Steil*
Kathleen Steil
Georgia Bar No. 598895
*Counsel for Chapter 7 Trustee and Chapter 7 Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orsatl.com